JOSE LUIZ *vs.* THOMAS FALVEY.

Hampden.    September 24, 1917. — October 18, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Evidence,* Competency, Remoteness. *Motor Vehicle. Practice, Civil,* Exceptions, Discretionary power of presiding judge. *Witness,* Questions to show character.

The fact that a party to an action did or did not do a certain act cannot be proved by evidence that at other times it had been his custom to do or not to do this act.

In an action for personal injuries caused by the collision of a bicycle which the plaintiff was riding with a motor truck operated by the defendant, the plaintiff testified that he was on the right hand side of the road and that the defendant swerved with his motor truck to the left in order to turn a corner to the right and thus ran into him, while the defendant testified that he was driving on the

right hand side of the road, not intending to turn the corner, and that the plaintiff's bicycle was wobbling from one side of the road to the other and ran into the truck. A witness for the plaintiff was allowed, without objection from the defendant, to testify that he had seen the defendant's truck go up this same road at other times. On cross-examination the defendant, subject to the plaintiff's exception, was allowed to ask the witness "What kind of a turn" the defendant's truck "customarily" made in going round the corner in question, and the witness answered that the truck turned close to the corner when he had seen it. The defendant contended, that, the plaintiff having asked the witness on his direct examination as to the defendant's truck having been driven up this road at other times, the presiding judge in his discretion might allow the defendant to introduce further evidence on this immaterial issue, but it was *held* that the question in regard to the manner of turning the corner was not opened by the plaintiff, so that the rule as to the discretionary power to allow an immaterial issue to be met after being opened did not apply.

In the same case it was *held* that the plaintiff was harmed by the admission of the incompetent evidence in regard to the defendant's customary way of turning the corner, because, if the jury had believed the plaintiff's testimony that the defendant swerved to the left, they could find that the defendant was violating St. 1910, c. 605, § 5, which requires that a motor vehicle "approaching a crossing of ways" shall "keep to the right of the intersection of the centres of both ways, when turning to the right."

In the same case it appeared that two of the plaintiff's own witnesses had testified that after the accident the defendant's truck was on the right hand side of the road about fifty feet before reaching the corner in question, and the defendant contended that in the light of this evidence the admission of the incompetent evidence as to the defendant's customary way of turning the corner could not have harmed the plaintiff, but it was *held* that this testimony of the plaintiff's two witnesses was in conflict with the testimony of the plaintiff himself and that the jury were at liberty to believe the plaintiff.

At the trial of an action of tort for personal injuries, where the plaintiff and the defendant both have testified as witnesses, it is within the discretionary power of the presiding judge to allow the plaintiff and the defendant each to be asked how many children and how much of a family he has in order to enable the jury to learn in a general way "what sort of a man is on the witness stand."

TORT for personal injuries sustained on June 5, 1915, when the plaintiff was riding a bicycle on the road from South Hadley Centre to South Hadley Falls in the town of South Hadley and was struck by a motor truck driven by the defendant. Writ dated August 12, 1915.

In the Superior Court the case was tried before *Aiken*, C. J. The material evidence is described in the opinion. The jury returned a verdict for the defendant; and the plaintiff alleged exceptions relating to the admission of evidence as stated in the opinion.

The case was submitted on briefs.

*R. P. Stapleton, F. J. McKay & E. J. Stapleton,* for the plaintiff.
*W. G. McKechnie,* for the defendant.

LORING, J. The plaintiff's story in this case was that while riding south on his bicycle on Hadley Road he was run into by a motor truck owned and operated by the defendant going north on the same road. He testified that, when he reached a point about seventy feet south of Granby Road (which leads out of the Hadley Road on the east) and while he was riding on the right hand side of the road, the defendant swerved out to his left in order to make the turn into Granby Road and ran into him. The defendant's story was that he was going up Hadley Road on the right not intending to go into Granby Road; that the plaintiff came down the road wobbling from one side to the other side of the road with one hand on the handle-bar, his head turned back to speak to a companion, and ran into the truck. A witness called by the plaintiff was allowed without objection on the part of the defendant to testify that he had seen the defendant's truck go up Granby Road at other times. On cross-examination the defendant under the plaintiff's exception was allowed to ask the witness, "What kind of a turn did it [the defendant's truck] customarily make from South Hadley up to the Granby road?" and he testified that it turned close to the corner when he had seen it. The witness testified through an interpreter, and some intermediate questions were asked in this connection by the presiding judge seemingly to secure an answer to the question asked. No contention has been made by the defendant based upon this intervention on the part of the judge.

The evidence was incompetent. The fact that a party did or did not do an act in issue at a trial cannot be proved by evidence that it had been his custom to do or not to do that act at other times. See, for example, *Robinson* v. *Fitchburg & Worcester Railroad,* 7 Gray, 92; *Tenney* v. *Tuttle,* 1 Allen, 185; *Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187; *Lizotte* v. *New York Central & Hudson River Railroad,* 196 Mass. 519.

To escape from this difficulty the defendant has contended that this line of inquiry had been opened to him by the plaintiff asking as to the fact of the defendant's truck having been driven up Granby Road at other times, that both inquiries were immaterial and that for these reasons the case comes within the rule that the

presiding judge in his discretion may allow a party to a cause to go into evidence upon an immaterial issue opened by the other party to the cause. But the evidence which the defendant·was allowed to introduce was not confined to the fact upon which the plaintiff introduced evidence, namely, the fact that the defendant's truck had been seen going into Granby Road before the accident here in question. It was an inquiry going beyond the fact gone into by the plaintiff.

The next contention made by the defendant is that from the nature of it the plaintiff was not harmed by the evidence. But that is not so. The truth of the plaintiff's story that the defendant swerved over to the wrong side of Hadley Road was of vital importance on the issue on trial. If the jury believed it to be the fact, that when the defendant's truck had turned into Granby Road in the past it had "customarily" made the turn "close to the corner," the plaintiff was harmed by the introduction of that incompetent evidence. And this is emphasized by the fact that, in case the defendant was making the turn into Granby Road, as the plaintiff testified, he was driving in violation of St. 1910, c. 605, § 5, which provides that: "The driver of any motor vehicle on any highway approaching a crossing of ways, shall slow down and keep to the right of the intersection of the centres of both ways, when turning to the right."

The defendant's last contention is that the plaintiff was not harmed by· the evidence because two of the plaintiff's own witnesses testified that after the accident the defendant's truck was some fifty feet below Granby Road corner and was on the right side of the road. Without considering this evidence and the inferences necessarily drawn from it, the contention is disposed of by the fact that this evidence was in conflict with the plaintiff's testimony and the jury were at liberty to believe the plaintiff. This exception must be sustained.

There is one question of practice raised at the trial which may come up again and therefore ought to be disposed of. On cross-examination of the plaintiff, the defendant under the plaintiff's exception was allowed to ask him how many children he had, and he testified that he had six, all of them in Portugal, and that he did not bring them with him when he came to this country because he did not have the passage money. In direct examination the

defendant's counsel was allowed under the plaintiff's exception to ask the defendant how much of a family he had, and he testified that he had a wife and five children. The presiding judge told the jury that this evidence as to the families of the plaintiff and the defendant was admissible in order to enable the jury to get in a general way "what sort of a man is on the witness stand," that it was competent for that purpose and that purpose only. He told them in terms that "Luiz in this case does n't get any more or any less compensation because he has a wife and children in Portugal. His right to damages is not affected by that feature of the case" and that "Falvey's responsibility, if he is responsible in your judgment, is no way affected, one cent either way, by the fact that he has a family of children." As matter of practice it is usual to allow parties to ask such questions. As matter of law it is within the discretion of the judge to allow such testimony.

*Exceptions sustained.*