THOMAS A. POLMATIER *vs.* NATHAN NEWBURY.

ANNA V. POLMATIER *vs.* SAME.

Bristol.    October 28, 1918. — November 26, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence,* Motor vehicle.    *Motor Vehicle.    Evidence,* Of acts at other times,
· Collateral issues.

In an action for personal injuries sustained from being run into by a motor car
owned and driven by the defendant when the plaintiff was riding a motor cycle
on a highway, the plaintiff had testified that at the time of the accident he did
not have an operator's license to run a motor cycle and was asked on his cross-
examination by the defendant, "Did you ever have an operator's license to
run a motor cycle?" On objection by the plaintiff the question was excluded.
The defendant excepted, and the jury returned a verdict for the plaintiff.
*Held,* that -the question was excluded rightly, as the issue whether the
plaintiff was negligent could be determined only by his conduct at the time
the injury occurred, and, if the fact that he never had a license tended to
show his previous lack of experience in operating motor vehicles, as was con-
tended by the defendant, this would be immaterial. Following *Lang* v. *Boston
Elevated Railway,* 211 Mass. 492.

In the same case it was *said* that in making the decision stated above the court
did not mean to intimate that the question was not excluded properly on the
ground, that acts of negligence committed on other occasions than the one in
question are inadmissible because they lead to collateral inquiries which would
distract the jury from the issue on trial and have no logical tendency to de-
termine it.

TWO ACTIONS OF TORT, the first by the owner of a. motor cycle
for personal injuries and damage to the motor cycle by reason of
being run into by a motor car owned by the defendant and care-
lessly operated on the wrong side of the road by him on Sunday,·
July 2, 1916, at about half past nine o'clock in the morning on
Winthrop Street, a public highway in Taunton, at or near the
corner of Fairview Avenue, and the second action by the wife of
the plaintiff in the first action, who was riding with him on the
motor cycle, for personal injuries sustained at the same time and
place.    Writs dated November 18, 1916.

In each of the cases the defendant's answer contained an allega-
tion that the plaintiff's negligence contributed to his or her injuries
and the damage to the motor cycle, and the answer in the first
case also alleged that the plaintiff was operating a motor vehicle

upon the highway at the time of the alleged injuries without a license and that his inexperience in operating a motor vehicle and his lack of a license were contributing causes of his injury.

In the Superior Court the cases were tried together before *Sanderson*, J. The evidence material to the only exception argued is stated in the opinion. At the close of the evidence the judge in each of the cases refused to rule at the request of the defendant that the plaintiff was not in the exercise of due care or that the defendant was not negligent. He submitted the cases to the jury, who returned a verdict for the plaintiff in each case, in the first action in the sum of $2,970 and in the second action in the sum of $500. The defendant alleged exceptions, the only one argued being to the exclusion of a question asked by the defendant in the cross-examination of the plaintiff in the first case as described in the opinion.

The cases were submitted on briefs.

*E. S. White & A. R. White*, for the defendant.

*F. S. Hall & S. P. Hall*, for the plaintiffs.

CROSBY, J. These are two actions brought to recover for personal injuries received by the plaintiffs while riding on a motor cycle, owned and operated by the plaintiff in the first action, and for damage to the motor cycle.

The alleged causes of action arise out of a collision upon a highway in Taunton between the motor cycle and an automobile owned and operated by the defendant. The only exception argued by the defendant is to the exclusion of a question put to the plaintiff in the first action upon cross-examination.

He had previously testified, both upon his direct and cross-examination, that he did not have an operator's license to run the motor cycle at the time of the accident. He then was asked, "Did you ever have an operator's license to run a motor cycle?" This question was objected to and excluded.

The general rule is well settled that acts of negligence committed by a defendant on other occasions than the one in question are held to be inadmissible. The reason for the rule is that such evidence would lead to collateral inquiries which would distract and mislead the jury from the issue on trial, and would have no logical tendency to determine it. *Robinson* v. *Fitchburg & Worcester Railroad*, 7 Gray, 92. *Tenney* v. *Tuttle*, 1 Allen, 185.

*Gahagan* v. *Boston & Lowell Railroad,* 1 Allen, 187. *Lizotte* v. *New York Central & Hudson River Railroad,* 196 Mass. 519. *Luiz* v. *Falvey,* 228 Mass. 253.

The defendant contends that the evidence was competent on the ground that, if it appeared that the plaintiff never had been licensed to run a motor cycle, it would be evidence having a tendency to show that he was lacking in experience, skill and fitness properly to manage and control the machine at the time of the accident; and therefore, was evidence to show that at that time he was not in the exercise of due care. We are unable to agree with this contention, as the question of the plaintiff's care could be determined only by his conduct at the time when the accident occurred. If the jury found, upon the facts as shown by the evidence, that his conduct did not contribute to his injury, his previous inexperience would be immaterial.

In *Lang* v. *Boston Elevated Railway,* 211 Mass. 492, recently decided by this court, it was held that evidence to show the length of time of the employment of and the extent of the instructions given to a motorman in charge of a car which ran into the plaintiff was improperly admitted and had a tendency to be prejudicial to the defendant upon the question of the negligence of the motorman. We regard this case as decisive upon the question of the admissibility of the evidence offered in the case at bar, although we do not mean to intimate that it was not properly excluded in accordance with the rule as stated in *Luiz* v. *Falvey, supra,* and cases therein cited.

As the exception to the admissibility of the evidence above referred to is the only exception argued, the others are treated as waived.

<div align="right">

*Exceptions overruled.*