HELEN BLAUFARB *vs.* NATHAN L. DROOKER.

Suffolk.    December 11, 12, 1924. — January 30, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Injury to invitee of tenant. *Negligence,* Of one owning or controlling real estate. *Pleading, Civil,* Declaration. *Practice, Civil,* Amendment, Exceptions.

The owner or person in control of a three tenement house owes to a guest of a tenant on the premises no greater duty with respect to the maintenance in safe condition of entries and stairs used in common by the tenants than he owes to the tenant.

With respect to entries, stairs and passageways in a tenement house used in common by the tenants and maintained by the landlord, the landlord, in the absence of an express agreement on the subject, owes to a tenant and his guest no greater duty than to maintain such entries, stairs and passageways in as good condition as they were in at the date of letting.

In the declaration in an action by a guest of a tenant in a tenement house against the landlord for personal injuries suffered from falling on a stairway in a dark entry used in common by the tenants, the plaintiff alleged that the "entry or passageway and stairway were improperly lighted, narrow, abrupt, and dangerous"; and that the defendant had "failed and unreasonably neglected to render the same safe for the use of the said tenants, their guests and visitors." At the trial there was evidence that the entry and stairway were improperly lighted, but there was no evidence that they were lighted when the tenancy began. *Held,* that, in the circumstances, without evidence that the entry and stairway were lighted when the tenancy began, a failure by the defendant to light the stairways after the tenancy began was no evidence of negligence on his part.

At the trial of the action above described, after the close of the evidence, the plaintiff offered further evidence tending to show that when the tenant, whose guest the plaintiff was, became a tenant there was a gas jet in the hallway and gas fixtures in the entryway between doors where the plaintiff was injured, and that after the defendant became the owner he removed them under an agreement that in consideration of a

reduction of rent the tenant would place a lantern in the hallway, and that at the time of the injury to the plaintiff the lantern had been turned so low that it did not illuminate the entryway. The evidence was excluded. *Held,* that

(1) The plaintiff on such evidence would have no greater rights against the defendant than the tenant, who had not by her agreement with the defendant become his agent to keep the passageway lighted, but remained his tenant;

(2) The evidence properly was excluded.

Under a declaration in an action of tort for personal injuries received when the plaintiff fell in a passageway in a tenement house, alleging as the sole cause of the injuries that the stairway and passageway " were improperly lighted, narrow, abrupt and dangerous," evidence is not admissible tending to show that, when the defendant became the owner, the stairs had become so worn that he made repairs, and the steps "were worn where people walked upon them, so that there were ridges in them."

At the trial of an action of tort, the plaintiff moved to amend the declaration. Because the defendant was not prepared to meet a new issue presented by the amendment, the judge gave the plaintiff the choice of amending and having the action continued for trial later or of going forward with the trial at that time under the declaration as it stood. The plaintiff elected to go forward under the declaration as it stood and alleged an exception to the ruling of the judge. *Held,* that the exception to the action by the judge presented no question of law to this court.

TORT for personal injuries suffered by the plaintiff while, as a guest of a tenant of the defendant, she was in a hallway of a tenement house owned by the defendant and numbered 7 Minot Street in Boston. Writ dated December 15, 1921.

The declaration is described in the opinion. In the Superior Court, the action was tried before *Whiting,* J. Material evidence introduced and offered by the plaintiff is described in the opinion. During the direct examination of the plaintiff, the plaintiff filed a motion to amend her declaration by the substituting of a declaration in which she alleged the following as negligence of the defendant: " . . . his failure to keep the entryways and stairs appurtenant thereto in repairs, the stairs leading from the hallway on the first floor to the street being out of repair and defective, which condition was well known to the said defendant. All of the said stairs and entryways being common entryways to stairs and under the exclusive control of the defendant. That the defendant was negligent also in that he did not keep said entryways and stairs reasonably lighted

and safe for those lawfully upon said premises, he having undertaken to light the said entryways and halls."

The defendant objected to the allowance of the motion, and the trial judge "refused to allow the amendment and to require the defendant to go on at this time, upon the representation of counsel for the defense that he was not prepared to meet the issues raised in the substituted declaration. The judge then told counsel for the plaintiff that he could go ahead with the original declaration or that the motion to substitute the declaration would be allowed but the case could not proceed at this time. Counsel for the plaintiff thereupon elected to go ahead on the original declaration."

By order of the judge, a verdict was returned for the defendant. The plaintiff alleged exceptions.

*W. B. Keenan,* (*S. L. Solomont* with him,) for the plaintiff.

*J. T. Connolly,* for the defendant.

BRALEY, J. It was undisputed that the defendant was the owner of the premises and retained possession and control of the passageway where the plaintiff was injured while visiting by invitation one Mrs. Hoffman, a tenant of the defendant, whose apartment was on the first floor of the building. The plaintiff, whose due care is not in question, entered it at five o'clock in the afternoon of a December day. On her evidence, the defendant introducing no evidence, it could be found that there was a long entry leading from Mrs. Hoffman's kitchen to an inner door which swung outward upon a short hallway without windows, where there were four or five steps about four feet wide leading to another door opening upon a sidewalk. The small hallway between the doors was so dark that she could not see her way as she came out of the apartment, and the light in the long hallway did not reach the flight of steps where the accident happened. The first door to which she came, leading to the short flight of steps, was closed as well as the street door. Upon coming to the first door, she tried to open it with her right hand, and with her left hand holding the door, started to walk with one foot, and then the other foot. "It was slippery and dark and she could not see," and "fell head first, striking her head and back." There was no light "and she did not

know of any other way to get out of the premises other than through the front door."

The evidence tended to support the declaration which alleged "that on the first floor of the said premises is a narrow entry or passageway, leading to a certain stairway, which stairway descends to door of said building, in the front; that the entry, or passageway, and stairway is provided by the defendant for the use of the tenants, their guests and visitors, to be used by them as incident to the occupation of said premises; that said defendant has the exclusive control of the said entry or passageway and stairway, and is bound to maintain and keep same in good condition; that said entry or passageway and stairway were improperly lighted, narrow, abrupt and dangerous; that the said defendant failed and unreasonably neglected to render the same safe for the use of the said tenants, their guests and visitors; . . . " The jury could find that the little hall which the plaintiff described was unlighted, and the question whether, if it had been lighted, the accident would have happened, also was one of fact.

But the plaintiff had no greater rights in the use of the premises than the tenant, to whom the defendant owed no duty except to maintain the entry and stairs in the same condition they were in at the date of letting. In the absence of evidence that the little hallway or entry was lighted when the tenancy began, the failure of the defendant thereafter to light it, or to reconstruct the stairs, furnishes no proof of negligence. *Marley* v. *Wheelwright,* 172 Mass. 530. *Jordan* v. *Sullivan,* 181 Mass. 348. *Taylor* v. *Finnigan,* 189 Mass. 568. *Faxon* v. *Butler,* 206 Mass. 500. *Polansky* v. *Heller,* 241 Mass. 484.

The plaintiff however having failed to establish a cause of action, offered at the close of the evidence to prove, that when Mrs. Hoffman became a tenant there was a gas jet in the hallway and gas fixtures in the entryway between the doors where the plaintiff was injured, and that after the defendant became the owner he removed them under an agreement that in consideration of a reduction of rent Mrs. Hoffman was to place a lantern in the large hallway; and on the

night in question it had been turned so low that it did not illuminate the small entryway. But under this agreement Mrs. Hoffman was not the defendant's agent; she still was his tenant. If the little entry had become unsafe for want of sufficient light, and she, in using it, had been injured, the modified contract of rental was the contract under which she occupied, and there could have been no recovery. The plaintiff is in no better position, for reasons previously stated.

The plaintiff further offered to show, that when the defendant became the owner, the stairs had become so worn that he made repairs, and the steps " were worn where people walked upon them, so that there were ridges in them." But this ground of liability was not open under the declaration. The allegation that the stairway and passage " were improperly lighted, narrow, abrupt and dangerous," on which the plaintiff relies in argument, does not cover an allegation that the stairs where the plaintiff fell had become unsafe for want of suitable repair which it was the duty of the defendant to make.

The offers of proof were rightly excluded and the denial of the plaintiff's motion to amend her declaration by filing a substitute declaration raises no question of law. She was given the option to amend with a continuance of the case, because the defendant's counsel was not prepared to meet this new issue, or to abide by the original declaration, and, having elected to go to the jury, the judge properly ordered a verdict for the defendant.

*Exceptions overruled.*