MARIA CARUSO *vs.* MAX LEBOWICH.

Suffolk.     January 12, 1925. — February 27, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant*, Landlord's liability to guest of tenant. *Negligence*, Of one owning or controlling real estate.

The guest of a tenant in a tenement house cannot recover in an action against the landlord for personal injuries received from slipping, in a passageway used in common by the tenants and in control of the landlord, upon a banana peel which had been there for three or four days, if it does not appear that the defendant or his servants or agents placed the banana peel there or knew of its presence nor that the defendant had assumed the duty or was under a contractual obligation to keep, or use reasonable care to keep, the common passageways free from obstructions or filth.

TORT for personal injuries received when the plaintiff slipped on a banana peel in a common passageway in a tenement house on Salem Street in Boston, owned and in the control of the defendant, whither the plaintiff had gone on request of her niece, a tenant of the defendant. Writ dated December 14, 1921.

In the Superior Court, the action was tried before *Whiting*, J. There was no evidence tending to show who placed the banana peel upon the step nor that its presence had come to the knowledge of the defendant or of a servant or agent of his. Material evidence is described in the opinion. There was a finding for the plaintiff in the sum of $1,200. Before the recording of the verdict, the judge, with the consent of the jury, under G. L. c. 231, § 120, reserved leave to set aside

the verdict, and afterwards set it aside and reported the action to this court for determination, judgment to be entered for the defendant if his ruling was correct, and otherwise judgment to be entered for the plaintiff on the verdict.

*W. B. Keenan,* for the plaintiff.

*S. Markell,* for the defendant.

PIERCE, J.    In this action of tort the plaintiff seeks to recover for personal injuries sustained by her while descending a flight of iron stairs, leading from the third to the second floor of premises owned by the defendant.    The plaintiff was visiting her niece, who lived on the third floor.    Other tenants occupied other parts of the apartment, with hallways and stairways which were used in common.    The plaintiff's injuries were the result of her falling upon some banana peels, which were black in color, old and dirty and had been upon the steps of the stairs referred to for three or four days.    The defendant does not deny that the steps were in the possession and under the control of the defendant nor is it denied that they constituted a common stairway for the common use of the defendant's tenants occupying the upper and lower floors of the building.

Guests and relatives of a family of a lessee have no greater rights in tort against the landlord than the lessee to recover damages for injuries caused by a defective condition of the leased premises or the premises connected therewith.    *Angevine* v. *Hewitson,* 235 Mass. 126, 129.    *Huggett* v. *Miers,* [1908] 2 K. B. 278.    In this Commonwealth as in England the obligation of the landlord to keep the common hallways and passageways in repair is said to arise from the necessities of the case.    *Flanagan* v. *Welch,* 220 Mass. 186, 191.    *Miller* v. *Hancock,* [1893] 2 Q. B. 177.    See *Hargroves, Aronson & Co.* v. *Hartopp,* [1905] 1 K. B. 472.    This obligation is a duty to exercise reasonable care to keep the premises used by the tenant, in the control of the landlord, in the same condition as they were or appeared to be in at the time of the letting.    *Woods* v. *Naumkeag Steam Cotton Co.* 134 Mass. 357.    *O'Malley* v. *Twenty-Five Associates,* 178 Mass. 555. *Fitzsimmons* v. *Hale,* 220 Mass. 461, 466.    *Conroy* v. *Maxwell,* 248 Mass. 92.    *Urserleo* v. *Rosengard,* 248 Mass. 542.    It

includes obstructions negligently caused by the landlord, but excludes the implication of a duty to remove "obstructions arising from natural causes, or the acts of other persons, and not constituting a defect in the passageway itself." The landlord "would be liable for negligently leaving a coal scuttle in a dangerous position, but not for not removing one so placed by another person." *Watkins* v. *Goodall*, 138 Mass. 533, 536. *Woods* v. *Naumkeag Steam Cotton Co., supra. O'Donoughue* v. *Moors*, 208 Mass. 473. *Bell* v. *Siegel*, 242 Mass. 380.

In the case at bar there is no evidence that the slippery condition of the steps was due to any defect in the structure, the material, or the quality of the stairs or stairway; there is no evidence that the condition of them was caused by any positive, actual negligent act of the defendant or of his servants; and there is no evidence of any assumed or contractual duty to keep or use reasonable care to keep the common passageways free from obstruction or filth. It follows that the verdict was directed rightly and that judgment should be entered for the defendant.

*Judgment for the defendant.*