SADYE D. BRONSTEIN *vs.* BOSTON AND MAINE RAILROAD.

Essex. October 4, 5, 1933. — March 10, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Of one owning or controlling real estate, Railroad, Invited person, Licensee. *Snow and Ice.*

A verdict for the defendant properly was ordered in an action by a pedestrian against the Boston and Maine Railroad for personal injuries sustained by the plaintiff in a fall upon ice on a sidewalk, which was not a public way, was owned by the defendant and was adjacent to the viaduct constructed by the defendant in Lynn in accordance

with St. 1912, c. 492, where there was no evidence that the plaintiff was a passenger of the defendant or went on the premises for any purpose connected with the defendant's business, but the evidence showed at most that he was on the premises to trade with tenants of the defendant doing business there; and there was no evidence of the terms of the lettings: the evidence established no right of the plaintiff against the defendant greater than that of licensee.

TORT.   Writ dated March 14, 1929.

In the Superior Court, the action was tried before *Donnelly*, J.   Material evidence is described in the opinion. The judge ordered a verdict for the defendant.   The plaintiff alleged an exception.

The case was argued at the bar in October, 1933, before *Rugg*, C.J., *Crosby*, *Pierce*, *Donahue*, & *Lummus*, JJ., and afterwards was submitted on briefs to all the Justices.

*I. A. Hadley*, (*M. T. Holdsworth* with him,) for the plaintiff.

*F. P. Garland*, (*J. DeCourcy* with him,) for the defendant.

PIERCE, J.   This is an action of tort by which the plaintiff seeks to recover damages at common law for an injury received by her when she slipped upon some ice and fell on the defendant's premises near its viaduct at Lynn, Massachusetts.   Due and sufficient notice of time, place and cause of injury was given by the plaintiff to the defendant.   The plaintiff's declaration contains one count, alleging that the plaintiff received injuries because of the slippery condition of a sidewalk on the defendant's premises caused by an unnatural accumulation of snow and ice, negligently allowed to remain on the sidewalk, which had been collected and discharged there from the viaduct or elevated structure of the defendant.   The defendant's amended answer is a general denial; and it sets up contributory negligence on the part of the plaintiff and denies that the passageway referred to in the declaration was a public passageway.

The material and uncontested evidence discloses that in 1912, 1913 and 1914, as the result of proceedings for the abolition of grade crossings at Lynn, the defendant built a viaduct to carry its tracks through that city.   "The

plaintiff admits that the plans here produced by the city clerk are the plans for the construction of that viaduct in accordance with the Acts of 1912,* and that the construction as made by the railroad at that time was in accordance with . . . the statute passed in 1912." It was undisputed that at the time of the plaintiff's injury this viaduct was owned by the defendant, was in use for railroad purposes, and was upon the land of the defendant; that on February 5, 1929, the defendant was owner of a sidewalk on the northerly side of said viaduct or structure, running from Exchange Street near the junction of Union Street to the defendant's station in Lynn; that on or about February 5, 1929, the defendant owned a piece of land on the north side of this viaduct which was bounded by Union Street, the rear of the Faben block, so called, and the viaduct, said land being known as part of the depot yard; that on or about February 5, 1929, the defendant owned a passageway running from the Mt. Vernon Street or Cosgrove Square, so called, side of the viaduct, beneath the overhead part of the viaduct toward the depot yard and Union Street side of the viaduct; that the viaduct was so constructed that there was incorporated therein a drainage system for the purpose of caring for any water which accumulated upon said structure; that on or about February 5, 1929, the defendant was leasing certain portions of the viaduct or structure, and upon parts of the portions so leased there were stores, some in the above mentioned passageway and some on the northerly sidewalk already referred to; that the part of the viaduct which is material to this action consisted of arches of reinforced concrete running north and south, on top of which were the tracks and platforms running east and west; that the concrete structure as a whole was roughly rectangular in shape and ran, as did the tracks it carried, east and west.

On February 5, 1929, at about 5 P.M. the plaintiff, after office hours, went shopping. Taking the nearer route she entered the passageway under the viaduct at the Mt. Vernon Street end and went through it to a fruit and vege-

---

* St. 1912, c. 492.

table stand located on the northerly sidewalk near the northerly entrance of the passageway. She stopped at the stand where fruit and vegetables were displayed and asked for some kind of vegetable but was unable to get it. She then walked diagonally across the sidewalk intending to cross the "depot yard." At a point nearly opposite the west wall of the passageway, at the edge of the sidewalk near the curbstone, she slipped upon some ice and fell, landing in the "depot yard," and received the injuries for which she sues. The plaintiff and her witnesses testified that at the spot where she fell "there was lumpy ice on the sidewalk, sort of a ridge; that she saw a lot of ice along the side and across," that "there seemed to be a lot of ice and icicles and things" and "that the ridge of ice that she noticed was quite wide; that it was something like two feet and a half"; that this ice was about an inch or two thick in the thickest place; that upon the side of the viaduct on the pier or column at the west side of the passage there was some more ice, which extended from the base of the viaduct at the place where the fan shaped piece began up the side of the structure to a place at or near the top where there was a joint in the wall or coping.

At the close of the evidence after both parties had rested, the defendant duly presented a written motion for a directed verdict on the one count in the plaintiff's declaration. This motion the judge allowed, and directed the jury to return a verdict for the defendant. To this allowance the plaintiff duly excepted.

The judge was right in directing a verdict for the defendant. There was no evidence to support a contention that the plaintiff was a passenger or went upon the premises of the defendant to become such, or that she was upon the premises of the defendant for any purpose connected with the defendant's business. The plaintiff's right, if any she has against the defendant, arises from the fact that the defendant had leased some stores, some in the above mentioned passageway and some on the northerly sidewalk which extended from the Exchange Street end of the viaduct to the defendant's railroad depot. There is no evidence

as to the terms of any such lease or of any tenancy at will. Assuming the plaintiff had the rights of such lessees or tenants because she was impliedly invited by such lessees or tenants to trade at their stores, she had no greater rights against the defendant than such lessees had, and the defendant owed to her no greater duty to keep the passage reasonably safe for travel than it owed them. *Goodman* v. *Provincetown*, 283 Mass. 457. *Blaufarb* v. *Drooker*, 251 Mass. 201. *Caruso* v. *Lebowich*, 251 Mass. 477. Moreover, in the absence of evidence as to the terms of the lease or tenancy it must be assumed that the duty of the landlord was a common law duty, and it was therefore incumbent upon the plaintiff claiming derivatively through the rights of the tenants or·lessees to prove that the condition of the premises had changed since the time of the letting. *Goodman* v. *Provincetown*, 283 Mass. 457. The evidence establishes no greater right in favor of the plaintiff against the defendant than that held by a licensee. Even if it be assumed that the relation between the plaintiff and the defendant was that of licensee and licensor, the plaintiff has shown no right of action against the defendant. In the opinion of a majority of the court the exceptions must be overruled.

*So ordered.*