## HOMER B. CUSHING *vs.* LOUIS JOLLES.

Essex.   December 12, 1934. — September 12, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Negligence*, Of one owning or controlling real estate, Elevator, Res ipsa
   loquitur, Assumption of risk, Contractual limitation of liability,
   Invited person.   *Landlord and Tenant*, Landlord's liability to invitee
   of tenant, Elevator.   *Evidence*, Competency.   *Practice, Civil*, Discre-
   tionary control of evidence.

Where an invitee of a tenant in a building was injured by the falling of a
   counterweight while using an elevator maintained by the landlord for
   the use of the tenant, which appeared to be in good condition at the
   time of the letting to him, the unexplained falling of the weight was
   itself evidence of the landlord's negligence; and a finding that the
   landlord was also negligent through knowingly failing to have in place
   at the time of the accident a screen over the elevator which had been
   in place at the time of such letting was warranted on the evidence.
One injured while rightfully using an elevator in a building was not
   bound by a sign warning users of the elevator that they did so at their
   own risk, if it was illegible or had been waived by usage, or the agent
   of the owner of the building had directed the injured person to use
   that elevator.
In an action for negligence, admission or exclusion of testimony as to the
   number of the plaintiff's children was within the discretion of the trial
   judge; and though admitted, this court could not assume that the jury
   considered it in assessing damages.
An invitee of a tenant has the tenant's right to maintenance of a common
   elevator under the landlord's control in as safe a condition as it appeared
   to be in at the beginning of the tenancy.

TORT.   Writ dated June 18, 1930.

The action was tried in the Superior Court before *J. J.
Burns*, J.   There was evidence that the elevator screen
mentioned in the opinion was in place at the times of the
lettings to the tenants to whose premises the plaintiff was
going when he was injured.   Other material evidence is
stated in the opinion.   There was a verdict for the plaintiff
in the sum of $52,517.

*F. L. Simpson*, (*E. J. Garity* with him,) for the defendant.
*J. W. Sullivan*, (*J. F. Doyle* with him,) for the plaintiff.

RUGG, C.J.   This is an action of tort to recover compensation for personal injuries alleged to have been sustained through the negligence of the defendant.   There was evidence tending to show these facts: The defendant was the owner of a building, several stories in height, which was let to various tenants.   In the front of the building was an elevator for passengers and at the rear was a freight elevator.   The plaintiff was an employee of a corporation which was not a tenant of the defendant but which sold and delivered drinking water and ice to tenants of the defendant on the third and fourth floors.   On the morning of April 21, 1930, the plaintiff, intending to make deliveries to these tenants, placed a bottle of water and a pail of ice on the freight elevator but, before touching the shipper rope to operate the elevator, was struck by a weight.   This was described as an iron window weight eleven to fifteen inches long and one and a half to two inches through; and attached to it, as it was seen on the platform of the elevator shortly after the injury to the plaintiff, was "a small piece of hemp string; it was right through the hole or eye in the end of the weight and lying apparently where it broke off."   The weight was used as a counterweight on the shipper rope or cable.   There was evidence that a window weight similar to that which struck the plaintiff had been attached to the hoisting machinery forty or fifty feet above the bottom of the elevator, that it was not there two hours after the injury, and that it had been attached by a wire.   There was a screen designed to cover the top of the elevator but arranged so that a considerable portion of it could be folded back in order to get long articles on the elevator; and at the time of the accident and for some time before the screen had been folded back and a part at least of the top of the elevator was not covered.

The motion of the defendant for a directed verdict in his favor was denied rightly.   There was sufficient evidence to warrant a finding that the cause of the injury to the plaintiff was negligence on the part of the defendant.   The doctrine of *res ipsa loquitur* was applicable to the evidence in its aspect favorable to the plaintiff.   The inference was

permissible that the object which struck the plaintiff was the window weight attached to the apparatus used for hoisting the freight elevator of the defendant. It was in a building owned by the defendant. It was exclusively within the direct control of the defendant. It was essential to the proper operation of the elevator. Without the successful and safe movement of the elevator the utility of the building would be much impaired. No one but the defendant was responsible for its inspection, repair and safety. The case on this point falls within the principle of numerous authorities. *Draper* v. *Cotting*, 231 Mass. 51, 62. *Cleary* v. *Cavanaugh*, 219 Mass. 281. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 126. *Bryne* v. *Great Atlantic & Pacific Tea Co.* 269 Mass. 130. *Uggla* v. *West End Street Railway*, 160 Mass. 351. *Green* v. *Carigianis*, 217 Mass. 1. *Feeley* v. *Doyle*, 222 Mass. 155. *Navien* v. *Cohen*, 268 Mass. 427. Cases like *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, and *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537, are too clearly distinguishable to require discussion. The inference was permissible that an accident of this nature does not happen according to common experience without negligence of the person in control of the object which fell. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188. *St. Louis* v. *Bay State Street Railway*, 216 Mass. 255. *Navien* v. *Cohen*, 268 Mass. 427. *Glaser* v. *Schroeder*, 269 Mass. 337.

There was no error in the refusal to grant the requested ruling that the plaintiff could not recover if, at the time of the accident, the sign was on the elevator to the effect that persons who rode on the elevator did so at their own risk. This request was covered by an instruction that, if the plaintiff saw or should have seen a sign of that nature, he could not recover. This was sufficiently favorable to the defendant. The request also was rightly refused because it omitted all reference to the evidence tending to show that the sign was not legible, that its message had been abandoned by habitual usage to the contrary, and that the agent of the defendant at a considerable time before the accident had directed the plaintiff to use this elevator and not to

use the passenger elevator. *McNee* v. *Coburn Trolley Track Co.* 170 Mass. 283. It was based upon a nondecisive fragment of the evidence. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593. *Ledoux* v. *Perry*, 284 Mass. 365.

The invitation of the plaintiff to use the elevator was extended to him by the tenants of the defendant; the plaintiff therefore was limited as against the defendant to use the elevator on the same terms as the tenants whom he intended to visit. There was no written lease from the defendant to those tenants. The instruction was correct to the effect that the rights of the plaintiff were determined by the obligation which the defendant owed to those tenants. *Peirce* v. *Hunnewell*, 285 Mass. 287. *Caruso* v. *Lebowich*, 251 Mass. 477. *O'Malley* v. *Twenty-Five Associates*, 178 Mass. 555. The case at bar is distinguishable from cases like *Follins* v. *Dill*, 221 Mass. 93, 95; *S. C.* 229 Mass. 321, and *Clarke* v. *Ames*, 267 Mass. 44. In this connection the instructions to the effect that the burden of proving assumption of risk by the plaintiff was upon the defendant was sufficiently favorable to the defendant. The distinction was correctly drawn between the rights of the plaintiff based on what were or ought to have been his own observations and his rights based on the limitations resting on the tenants by whose invitation he was using the elevator. *Blaufarb* v. *Drooker*, 251 Mass. 201, 204. *Goodman* v. *Provincetown*, 283 Mass. 457, 462. *Bronstein* v. *Boston & Maine Railroad*, 285 Mass. 491, 495. *Angevine* v. *Hewitson*, 235 Mass. 126.

There was no error in allowing the witness Flanagan to testify that on his visits to this part of the building there was no screening over the elevator, or that it was folded back. The frequency and times of those visits went to the weight but not the competency of his testimony.

The plaintiff was permitted to testify as to how many children he had. This was admissible within the discretion of the trial judge "in order to enable the jury to get in a general way 'what sort of a man is on the witness stand.'" Of course the damages of the plaintiff could not be affected in any way by such evidence. *Luiz* v. *Falvey*,

228 Mass. 253, 257. *Goldman* v. *Ashkins*, 266 Mass. 374, 379. *Shaw* v. *Boston & Worcester Railroad*, 8 Gray, 45, 80–81. See, to the contrary, *Simpson* v. *Foundation Co.* 201 N. Y. 479, 487; *Maynard* v. *Oregon Railroad*, 46 Ore. 15, 21; *Pennsylvania Co.* v. *Roy*, 102 U. S. 451, 460. Perhaps judicial discretion would be more wisely exercised ordinarily in excluding such evidence, but it is not error in law to receive it. No abuse of judicial discretion is shown. The defendant argues that the size of the verdict indicates that this evidence was given sympathetic weight in assessing damages. This cannot be assumed. No instructions on the point were requested. No exception was taken to the rule of damages laid down in the charge. If the damages were excessive, the remedy was by motion to set aside the verdict.

There was no error in the admission of the testimony of experts as to the proper method of fastening the window weight to the rope. The assumptions included in the questions were not without support in evidence, and the subject was one appropriate for expert testimony. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131, 139. *Sullivan* v. *Thorndike Co.* 175 Mass. 41, 48. *Whalen* v. *Rosnosky*, 195 Mass. 545. *Draper* v. *Cotting*, 231 Mass. 51. *Commonwealth* v. *Festo*, 251 Mass. 275, 280. In the examination of experts much must be left to the discretion of the trial judge. *King* v. *Belmore*, 248 Mass. 108, 115.

The testimony of the witness Mitchell touching what he saw as to the condition of the elevator and its appurtenances about two years before the accident cannot be pronounced too remote in time.

There was ample evidence to warrant a finding that the counterweight in connection with the hoisting apparatus appeared to be in good condition when the tenants whom the plaintiff was intending to visit entered into occupancy of their respective rooms. The obligation then rested on the defendant as landlord to maintain them in that condition. If the performance of this duty required frequent inspection of the fastenings of the weight or its replacement, that must be done. This branch of the case presented ques-

tions of fact.  The instructions given were appropriate and there was no error in the denial of the requests as to the counterweight and the screen over the elevator and as to the defendant's knowledge of these alleged defects.  *Draper* v. *Cotting*, 231 Mass. 51, 58–61.  The case is distinguishable from *Kirby* v. *Tirrell*, 236 Mass. 170, and *Leslie* v. *Glazer*, 273 Mass. 221.  The counterweight was in plain view of the defendant and its servants.  It might have been inferred from all the testimony and circumstances that reasonable inspection would have revealed a defective condition before the accident.  *Goldsmith* v. *Ricles*, 272 Mass. 391.  So, also, the instructions given as to the absence of a screen over part of the elevator were free from error and covered all the questions of law involved.  The requests for instructions on this point were denied rightly.  The folding over of the screen might have been found to have been due to the negligence of the defendant and to have been a cause contributing to the plaintiff's injuries.  The jury might have found that a screen completely covering the top of the elevator would have prevented the injury to the plaintiff.  There was evidence that the folding back of the screen or absence of a screen over a part of the elevator had existed for such a length of time and under such circumstances as to come to the knowledge of the defendant or his agents in the exercise of due care, and that he was therefore charged with responsibility.  *Walsh* v. *Adams*, 245 Mass. 1, 7. *White* v. *Mugar*, 280 Mass. 73.  *Manell* v. *Checker Taxi Co.* 284 Mass. 151.  The evidence as to the elevator requirements of the department of public safety was sufficient to support a finding that the defendant violated these requirements with respect to a screen or cover over the elevator. Violation of this requirement established for the safety of those on the elevator was itself evidence of negligence on the part of the defendant.  This might have been found to be a cause contributing to the injury of the plaintiff and not merely a condition.

It could not rightly have been ruled that the plaintiff assumed the risk of the injury which befell him.  There was ample evidence to remove the cause of his injuries from the

realm of conjecture and to connect his misfortune with negligence of the defendant. Even though the plaintiff may have seen the window weight in its place, he may not have understood that it was likely to fall. The burden of proof in this particular was on the defendant. *O'Connor* v. *Hickey,* 268 Mass. 454. G. L. (Ter. Ed.) c. 231, § 85. It could not rightly have been ruled that that burden had been sustained. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452.

It is not necessary to discuss the case further. All the points argued by the defendant have been carefully considered.

*Exceptions overruled.*