LAUCHLIN MACDONALD *vs.* ELMA H. ADAMIAN & another, administrators.

Middlesex.    October 8, 1935. — April 1, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Snow and Ice. Negligence,* Of one owning or controlling real estate. *Practice, Civil,* Appellate Division: appeal. *Landlord and Tenant,* Defective gutter.

A question of law not raised at a trial in a district court cannot be raised in this court upon appeal from an order of the Appellate Division.

Upon a confused and unsatisfactory report by a judge of a district court who found for the plaintiff in an action for personal injury alleged to have been caused by the plaintiff's slipping on ice formed by the discharge of water from a defective gutter on the defendant's building, which he had let to another, it was *held* that it did not appear that the defendant had been harmed by error at the trial.

TORT.    Writ in the First District Court of Eastern Middlesex dated April 7, 1931, originally against Harry Adamian.

The action was heard in the District Court by *Brooks,* J., who found for the plaintiff in the sum of $1,500.    After the death of the defendant, the administratrix of his estate was admitted to defend the action.    A report was ordered dismissed by the Appellate Division for the Northern District.    The defendant administratrix appealed.

*E. J. Bushell,* for the defendant administratrix.

*A. W. Eldredge,* (*C. O. Williams* with him,) for the plaintiff.

RUGG, C.J.  This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, "while travelling on the sidewalk in front" of land with buildings thereon owned by the defendants' intestate, located at 142 Fulton Street at the corner of Valley Street in Medford, by slipping upon ice "formed from water gathered" upon his land and "negligently discharged . . . upon said sidewalk through an artificial channel" upon the property of the defendants' intestate.  The substance of the evidence in the record is this:  The plaintiff testified that he walked up Valley Street at about five o'clock on a December morning on his way to work, and when in front of the premises of the defendants' intestate fell at a point about nineteen feet from Valley Street, three feet from the building, and eighteen inches from the steps of the store occupied by one Donovan.  The garage is next door to the Donovan store and in the same building on land of the defendants' intestate.  The plaintiff was on his way to get a morning paper; the store was not open for business on that morning or any other morning at that hour; it was still dark; he was never authorized by Donovan, the occupant of the store, to take any paper; the papers were delivered in a bundle tied by rope and left on the steps of the store; it had been the plaintiff's custom for six or seven years to pull a paper from this bundle and to deposit two cents for it in a letter slot in the door of the store, and the money fell into a box attached to the inside of the door.  It was raining and sleeting; the ice at the entrance to the store where he fell was bulky and higher than the rest of the ice around that section; the ground was covered with ice; it was slippery all around; the gutter on the building had a hole in it; he knew before the accident that there were no conductor pipes coming from the gutter.  One Jannini testified that he was lessee of a garage in the building of the defendant's intestate at the time of the accident to the plaintiff; that the water dripped down the side of the building from the roof to the ground "through holes in the gutter, in back of the gutter and between the ends where two sections of the gutter met"; that it had snowed

the day previous to the accident of the plaintiff; that the snow was not plowed or shovelled; "that there was a sort of pool and depression with ice which was above the rest"; that there was an accumulation of ice four or five inches high along the side of the building, diminishing in size as it extended out for two or three feet and sloping to the same level as the rest of the ice. It was admitted that the defendants' intestate was the owner of the premises containing the garage and store leased to Jannini and Donovan respectively, and received due notice of the time, place and cause of the injury.

At the close of the plaintiff's case the defendant rested and requested these rulings: "1. That there was no evidence that the premises were under the control of the defendant," or "that there was an unnatural accumulation of snow and ice caused by the defendant's negligence. 2. The defendant can only be held responsible where it appears that his negligence in the maintenance of the premises of which he had control caused the alleged artificial and unnatural accumulation of snow and ice. 3. The plaintiff under the circumstances was owed no duty by the defendant to prevent a possibility that he might be injured by any ice or snow, as the plaintiff ·was not an invitee but a trespasser on the premises of the defendant at the time of the alleged accident. 4. The fact that it was sleeting snowing and raining at the time of the accident complained of and that the day was slippery cannot as a matter of law hold the defendant liable for the injuries to the plaintiff." The first and third of these requests were denied, the second was granted, and the fourth was denied because inapplicable to the facts found.

The trial judge found for the plaintiff and assessed damages in a substantial sum and reported the rulings and refusals to rule as requested.

The record is confused and unsatisfactory. It contains no statement that all the evidence bearing on the requests for rulings is reported. It comprises no findings of fact. It seems difficult, though perhaps not impossible, to infer that the ·injury to the plaintiff occurred on a public side-

walk, as seemingly is alleged in the declaration. The question of variance, however, is not raised by a request for rulings and cannot be considered. *Walker* v. *Nickerson*, 291 Mass. 522. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384. The place where the accident to the plaintiff occurred is not stated intelligibly in the record. There is no evidence as to the distance from the edge of the public way to the steps of the Donovan store. Whether the plaintiff slipped on land of the defendants' intestate on the usual avenue of approach provided by him to the Donovan store is not shown by the evidence. It is stated that the trial judge took a view of the premises in the presence of counsel for both parties. It seems probable, therefore, that the place where the plaintiff slipped must have been precisely indicated at the trial. But the defendant did not, so far as appears by the record, develop by cross-examination of the plaintiff testimony on this point, and no ruling of law was requested touching it.

In general the burden is upon the party seeking reversal of a decision by a trial judge to see that enough is set out in the record to show that harmful error has been done him. *Posell* v. *Herscovitz*, 237 Mass. 513, 516. We are of opinion that on this record it cannot quite be held that there was such error with respect to the rights of the defendant.

On an appeal like the present, findings of fact made on oral evidence are not reviewable. *Engel* v. *Checker Taxi Co.* 275 Mass. 471. *Winchester* v. *Missin*, 278 Mass. 427, 428. *Mahoney* v. *Norcross*, 284 Mass. 153. Such appeal brings before this court for consideration only rulings of law made by the trial judge and reported by him to the Appellate Division and questions of law touching the action of the Appellate Division thereon. G. L. (Ter. Ed.) c. 231, §§ 108, 109. *Woodman* v. *Haynes*, 289 Mass. 114. *Bresnick* v. *Heath*, 292 Mass. 293, 296. The general finding for the plaintiff imports the drawing of all rational inferences to support that conclusion permissible on the evidence and a finding of all subsidiary facts conducing to that result

of which the testimony is susceptible.   The credibility of
the witnesses is exclusively for the trial judge.   *Standard
Oil Co. of New York* v. *Malaguti,* 269 Mass. 126, 129.   *Top-
jian* v. *Boston Casing Co. Inc.* 288 Mass. 167.

On this meager record, it cannot be said that there was
no evidence that roof and gutters of the building remained
under the control of the defendants' intestate as owner.
The tenant commonly would not be liable in the absence
of agreement for accumulation of snow and ice arising from
a defective spout or gutter.   *Donahue* v. *M. O'Keefe, Inc.*
255 Mass. 35, 39.   Although it is stated that Donovan was
lessee of the store, the lease was not in evidence and its
terms are not recited.   Whether the landlord retained
control of the roof and gutters was a question of fact upon
all the evidence.   *Conroy* v. *Maxwell,* 248 Mass. 92, 97.
*Marston* v. *Phipps,* 209 Mass. 552, 555.   *Sordillo* v. *Fradkin,*
282 Mass. 255.   It cannot be ruled as matter of law that
there was no evidence to support a finding that there was
an unnatural accumulation of ice due to want of care by
the defendants' intestate.   There was testimony of defec-
tive gutters.   *Coman* v. *Alles,* 198 Mass. 99.   *Field* v.
*Gowdy,* 199 Mass. 568.   *Drake* v. *Taylor,* 203 Mass. 528.
*Allen* v. *Salmansohn,* 254 Mass. 500.   The case at bar is
distinguishable from *Jefferson* v. *L'Heureux,* 293 Mass. 490.
If the injury occurred on the public way, plainly the
defendants' intestate might have been found liable.   The
size and nature of the accumulation of the ice as compared
with the description of other ice in the immediate neigh-
borhood that morning afforded some indication to support
an inference that it had been there a sufficient length of
time to establish liability.   *Roland* v. *Kilroy,* 282 Mass.
87, 92.

There was no request for ruling to the effect that the
plaintiff, being a customer of the tenant, had no greater
rights against the defendants' intestate than the tenant
himself would have, or that the defendants' intestate owed
the plaintiff no higher duty than was owed to the tenant,
or that there was no evidence of any change in the condi-

tion of the premises after the tenancy of Donovan began. Questions of that nature are not open to the defendant. Therefore, the principle of cases like *Bronstein* v. *Boston & Maine Railroad,* 285 Mass. 491, 495, *Goodman* v. *Provincetown,* 283 Mass. 457, *Cushing* v. *Jolles,* 292 Mass. 72, 75. *Garland* v. *Stetson,* 292 Mass. 95, 99–100, and *Blaufarb* v. *Drooker,* 251 Mass. 201, cannot be invoked on this record. The first request cannot fairly be construed as addressed to this subject.

The third request was based on the theory that the plaintiff was a trespasser; that fact does not appear from the record. It could have been found that the plaintiff was a regular customer of Donovan and hence rightly going toward his store. *Statkunas* v. *L. Promboim & Son Inc.* 274 Mass. 515, 519. The granting of the second request for ruling, coupled with the finding for the plaintiff, indicates that, if the injury occurred on the land of the defendant's intestate, it must have been found to have been at a point on the usual path provided by the landlord to reach the Donovan store. The granting of this request did not require a finding for the defendant.

It follows from what has been said that, in view of facts which might have been found by the trial judge, there was no error in the denial of requests 1 and 3. It might have been found that the defendant's intestate had control of the premises in question, that the gutters were out of repair, and that the ice accumulated in unreasonable quantities from this source. Facts might have been found which would have warranted the denial of request 4.

*Order dismissing report affirmed.*