Phelps, J.
This is an action of tort, in which the plaintiff seeks to recover for injuries which he alleges he sustained on or about January 21, 1936 while he was on the premises of the defendant, #36 Mendon Street in the City of Worcester. The answer was a general denial.
At the trial the plaintiff testified that on the twenty-first day of February, 1936, as he was coming down the stairs at #36 Mendon Street, where his brother lived, the bottom step sagged as he stepped on it, and that this caused him to fall in such a manner that both of his feet went up in the air.
The plaintiff’s brother testified that the step on which the plaintiff fell was in the same condition that it was at the time he moved in, which was about a month previous to the accident.
*472 The defendant put in evidence the testimony of the carpenter who had built this stairway a short time before the alleged accident and whose testimony has shown this to be a new stairway with no defects in it. His testimony was corroborated by other workmen who were working on the premises at the same time and whose testimony was that this was a new stairway and that there were no defects in it.
The defendant further presented evidence that after being notified of the alleged accident he found that the bottom step had a fresh break in it. Evidence showed that this was a clean split clear across the step, showing that it had been broken off recently. At the close of the trial the defendant made the following requests for rulings:
1. That as a matter of law the plaintiff cannot recover unless he proves the existence of the distinct defect in the steps of the premises owned bv the defendant.
2. That as a matter of law the plaintiff cannot recover if he used the said steps in a negligent or unusual manner.
3. That as a matter of law the plaintiff cannot recover if the said steps are reasonably safe for the use of the tenants and their guests.
The Court denied the defendant’s requests for rulings by finding them not applicable to this case. The defendant maintains that they are applicable to his case and therefore entitles the defendant to a finding. The Court found for the plaintiff.
The burden of proof rested upon the plaintiff to show that if the stairway was defective the defendant, in the exercise of reasonable care and diligence, knew or ought to have lmown of the defect long enough before the plaintiff was injured to have repaired or remedied it. There was no evidence in this case to show hoAV long the defect complained of had existed or that the defendant knew, or in *473 the exercise of reasonable care, should have known of the condition long enough before the accident to have made the necessary repairs. Mary Leslie vs. Solomon Glazer, 173 Mass. 221.
Assuming that the plaintiff was injured by reason of a defect in the stairs there is no evidence whatever that the condition of them was caused by any positive, actual negligence on the part of the defendant or his servants and there is no evidence of any assumed or contractual duty to keep or use reasonable care to keep the common passageway free from defect. Maria Caruso vs. Max Lebowich, 251 Mass. 477.
The landlord’s duty was that of due care to keep the premises in the condition that they were in or purported to be in at the time of letting, and the evidence indicated that the stairs were in the same condition at the time of the accident as they were in at the time of the letting. An invitee has no greater right than the tenant to recover for injuries caused by defective condition of the premises. Leslie vs. Glazer, 273 Mass. 221.
The landlord owes no greater duty to a guest of a tenant with respect to the safe condition of entry and stairs used in common by the tenants, then he owes to the tenant. Blaufarb vs. Drooker, 251 Mass. 201.
The defendant was entitled to the rulings requested and refusal of the same by the Trial Court constituted prejudicial error. The findings of the Court must be reversed and judgment ordered for the defendant.