*Northern District*

No. 5217

**HERALD PUBLISHING CO., INC.**

v.

**JOSEPH LAMPERT**

(October 22, 1958)

*Present*: Gadsby, P. J., Brooks and Northrup, JJ.

Case tried to HARRINGTON, J., in the First District Court of Essex, No. 858 of 1957.

*Gadsby, P. J.* This is an action of contract to recover a balance of $156.30 plus interest, under a contract for advertising services claimed to have been made with the defendant.

■ The simple issue for determination is whether the contract was with the defendant or with the corporation, Lampert Shoes, Inc. The plaintiff raises this issue by his request for ruling that:

> 1. A written contract between plaintiff and "Joseph Lampert, Lampert Shoes, Inc., 37 Vaughan Street, of Portsmouth, N. H. and doing business under the firm name of Lampert Shoes, Inc., party of the second part and hereinafter designated as advertiser", signed by Joseph Lampert in a space above the printed words "For the Advertiser" is, as a matter of law, the personal undertaking of Joseph Lampert.

The trial judge disposed of this request as follows:

■ Denied. Consideration of all of the evidence including the fact that plaintiff's ledger card and original salesman's memo identified the account as "Lampert Shoes, Inc." warrants the conclusion that the contract was with the corporation and not with the individual defendant.

The Court also denied other requests as not applicable to the facts found.

We cannot say that there was any error committed by the trial judge in his action on the defendant's requests for rulings of law, nor can we say there was any error committed by the trial judge in the conclusion reached

by him upon a consideration of all the evidence.

■ Requests are properly denied where founded in part upon facts not found to exist.

■ The finding for the defendant imports a finding of all the subsidiary facts necessary to support it. *Moss v. Old Colony Trust Co.,* 246 Mass. 139; *McDonald v. Adamian,* 294 Mass. 189, 190, 191.

There being no prejudicial error committed by the trial judge in his disposition of the various requests for rulings of law filed by the plaintiff and no error in the finding of the trial judge, the report is dismissed and the finding for the defendant is sustained.

Wasserman & Salter, of Boston, for the plaintiff.

Charles J. Austin, of Boston, for the defendant.