*Southern District*

No. 6105

**LUCIEN NADEAU**

**v.**

**ROBERT W. CLOUGH, ET AL**

Argued: June 30, 1971 - Filed: Sept. 20, 1971

*Present:* Murphy, P.J., Lee, Covett, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol, No. 6105.

**Murphy, P.J.** This is an action of tort to recover $1,000.00 for property damage in two counts, one against the defendant operator and one against the defendant owner. The defendants' answer is a general denial and the special defenses of contributory negligence, negligence of third party, statute of limitations and violation of law.

The court found for the defendants on both counts.

At the trial there was evidence tending to show THAT: Prior to the accident, both vehicles were proceeding south on Acushnet Avenue. The plaintiff's vehicle was a 1960 white Cadillac Coupe DeVille. The vehicle, owned by one defendant and operated by the other, was a 1962 Ford Vanette truck.

The locus of the accident was in a thickly settled residential and business district. The day was rainy and the road pavement was wet.

There was evidence from the plaintiff that he had put on his right-hand turn signal and had not seen the defendant's vehicle prior to the accident and he was not sure whether he had checked his rear view mirror immediately prior to the accident. There was evidence that his car was approximately four feet from the westerly curb of Acushnet Avenue at the time of impact.

There was evidence from the defendant operator that he intended to go straight through the intersection of Belair Street and Acushnet Avenue and that he was intending to proceed straight down Ashley Boulevard which started at the next intersection after the Belair Street intersection. He further testified that the light for traffic going down Ashley Boulevard was green. That the defendant operator testified he intended to pass the plaintiff vehicle on the right as both vehicles were entering the intersection.

By agreement of the parties the police report was admitted into evidence and contains all the other material evidence in this case.

The plaintiff duly made five requests for rulings. The court allowed request numbers 1, 2 and 3, denied 4 and 5 and made special findings of fact as follows:

"This is an action of tort in the amount of $1,000.00. The plaintiff seeks property damage from the defendants in two counts. Count I is

against the operator of the defendant's vehicle and Count II is against the defendant owner.

"I find that the plaintiff was proceeding south on Acushnet Avenue in New Bedford, Massachusetts, on November 10, 1969. The street at the point he was operating was a two-lane road, but the width of the road was capable of holding four cars side by side.

"As the plaintiff proceeded south he was close to the center line of the street and there was a street called Belair Street that entered Acushnet Avenue from his right on the west side of the avenue which was about two cars wide. Just beyond Belair Street there is a fork in the street, and Acushnet Avenue veers a little to the left, and Ashley Boulevard commences and is approached by proceeding to the right on the avenue and straight ahead. There is a traffic control at this point.

"The defendant operator saw three cars ahead of him heading south near the center line of the avenue and they looked as if they were bearing left on the avenue after the fork. Two cars did so bear, but the plaintiff suddenly turned right into a westerly direction heading towards Belair Street when the defendant operator was eight to ten feet behind him.

"The defendant admits to 30 to 35 miles an hour in a 30 mile area and struck the plaintiff on the right rear fender as he cut off the right lane. The plaintiff states that he did not see the defendant before the accident. He admits

he turned, but cannot say if he looked in his rear vision mirror.

"I find that although the defendant was negligent in striking the plaintiff, that the plaintiff was guilty of contributory negligence by not seeing the defendant before the accident and apparently not looking in his mirror.

"Since I find that the plaintiff is guilty of contributory negligence, I find for both the defendants on both counts.

The trial judge reported the same to the Appellate Division for determination because the plaintiff claims to be aggrieved by the denial of request for ruling number 5, which reads as follows:

> "That upon all the evidence, the plaintiff is entitled to recover"; and by the finding of the court "that the plaintiff was guilty of contributory negligence by not seeing the defendant before the accident and apparently not looking in his mirror."

Request number 5, is not the same as a request that the evidence "warrants" a finding in favor of the requester. A trial judge is not required to grant a request that the requester is entitled to a finding, unless such a finding is required, as a matter of law. This is so, even though, upon consideration of the evidence, such a finding would have been permissible. *Howard* v. *Malden Savings Bank,* 300 Mass. 208-211; *Winchester* v. *Missin,* 278 Mass. 427-428.

It rarely can be ruled as a matter of law that the party upon whom rests the burden of proof has maintained his case where the decision rests upon the credibility of oral testimony and inferences to be drawn from the circumstances. *McDonough* v. *Metropolitan Life Insurance Company,* 228 Mass. 450. The trial judge may discredit all the testimony tending to support the requester's contention. *Hoffman* v. *Chelsea,* 315 Mass. 54-56; *Holten* v. *Denaro,* 278 Mass. 261.

So, a request calling for a finding of fact is properly denied, unless such finding of fact is required as a matter of law upon the evidence. *Libatore* v. *Framingham,* 315 Mass. 538-543; *Perry* v. *Hanover,* 314 Mass. 167; *Memishian* v. *Phipps,* 311 Mass. 521-524.

Furthermore, a request based upon "all the evidence" lacking the specifications required by Rule 27, District Court Rules, 1965 as amended, is properly denied. *Okin* v. *Sullivan,* 307 Mass. 227; *Barsky* v. *Hansen,* 311 Mass. 14.

With respect to the other contention of the plaintiff, namely, the finding of the court, "that the plaintiff was guilty of contributory negligence by not seeing the defendant before the accident and apparently not looking in his mirror," this is a finding of fact made by the trial justice upon conflicting evidence.

Creditability of witnesses is a matter exclusively for the trial judge. *MacDonald* v.

*Adamian,* 294 Mass. 187-190. And findings of fact made by him, supported by evidence at the trial, are not reviewable by the Appellate Division. *Adamaitis* v. *Metropolitan Life Insurance Company,* 295 Mass. 215; *MacDonald* v. *Adamian,* cited supra; *New York Central R.R.* v. *Marinucci Brothers & Co., Inc.,* 337 Mass. 469 @ 471 and cases cited.

There is ample reported evidence to justify the findings made by the trial judge and to warrant the denial of request number 5.

We find no prejudicial error, and an order should be entered dismissing the report.

JAMES M. CRONIN,

for the Defendant