# FRANKLIN COUNTY.

## COMMONWEALTH *vs.* HARDING G. WOODWARD.

An indictment for manslaughter, which avers that the death ensued from "one mortal wound " given on the left side of the head of the deceased by a stroke with a whipstock, is sufficient without a more specific description of the wound.

On the trial of an indictment for a manslaughter ensuing from a blow which the defendant seeks to justify on the ground of self-defence, and in support of which ground of justification he has introduced evidence tending to show that, at the time he struck the blow, he had reasonable cause to apprehend an attack upon and serious bodily harm to himself from the man he killed, he may also testify that at that time he did in fact apprehend such an attack.

To sustain an indictment for manslaughter, which avers the killing to have been wilful, it is not necessary to prove that averment.

On the trial of an indictment for a manslaughter ensuing from a blow which the defendant seeks to justify on the ground of self-defence, evidence of the manner and character of the blow (such as that he only meant to hit the shoulder and not the head of the deceased) is competent upon that ground of justification; though incompetent upon the question of his implied intent to kill by the blow.

INDICTMENT for manslaughter, with three counts, each alleging that the defendant on October 6, 1868, at Greenfield, "feloniously and wilfully " struck Walter S. Coombs on the left side of his head with " a whipstock," and the death of Coombs ensued from the injury given by the blow; and the first count describing that injury as " one mortal wound," the second count as " one mortal bruise," and the third count as " one mortal fracture, of the length of three inches, of the breadth of one quarter of an inch, and of the depth of two inches."

At the trial in the superior court, before *Dewey*, J., before the jury were empanelled the defendant moved to quash the whole indictment, as " too uncertain and indefinite," " because the instrument used is not sufficiently described," and " because no such article as is named is known as such ;" and to quash the first and second counts, " because the wound and bruise named therein are not described with sufficient particularity and precision," and the third count, " because the description of the fracture is too general and indefinite." This motion, and also a motion that the Commonwealth should elect upon which count to try the defendant, were overruled.

" The Commonwealth offered evidence tending to show that Coombs was at work with a shovel, filling up the ruts in a driveway leading from a highway in Greenfield, on the morning of October 6, and the defendant was driving along the highway · that Coombs twice requested the defendant to stop, which he did; that Coombs accused the defendant of stealing a wagon-wheel, and the defendant told him that if he accused him of stealing again he would knock him down; that Coombs repeated his statement in less offensive form, and thereupon the defendant reached behind, took up his whip from behind him, clasped it at about the centre of the handle, which was of walnut wood, and struck Coombs a single blow upon the head, which felled him; that he was assisted by the defendant and others, the defendant saying he was sorry, and going for the doctor, and rendering other assistance; and that Coombs died in the afternoon of the next day from compression of the brain, caused by said blow.

" The Commonwealth contended, and offered evidence, that Coombs offered no violence to the defendant, and that the defendant's stroke was given for the words spoken by Coombs to the defendant, and for no other cause. Several witnesses testified to declarations of the defendant tending to confirm this evidence. One of the witnesses for the Commonwealth testified that, on the evening of October 5, Coombs said he had obtained evidence that the defendant took his wheel, and he was going to 'pitch into' the defendant the next morning; and that he saw Coombs the next morning, at the place where the stroke was given, and Coombs told him that he was 'watching for' the defendant.

" The defendant, among other matters, relied upon self-defence for justification; and testified that he was driving along by the place, where Coombs stood by the side of the road, (the place being near the centre of a steep, long hill which the defendant was ascending with a slow horse,) and, as he passed, he said, ' Good morning, Coombs;' that Coombs ordered him to stop that he told Coombs he was in a hurry and could not stop; that Coombs again told him to stop, and went to his horse's head,

and raised a shovel, which he had in his hand, in front of his horse, and stopped him; that Coombs then came up to his wagon, close to the place where he sat, and said to him that he wanted him to settle for the wheel he stole; that he told Coombs not to tell him he stole, or he would knock him over; that thereupon Coombs repeated the accusation, and raised his shovel as if to strike him; and that when Coombs raised the shovel he struck him with the whiphandle, which he had in his hand. He testified he did not reach for his whip, but held it in his hand all the time; that his horse was lazy, and slow to start, and he could not have got out of the way of Coombs's attack.

" The counsel for the defendant then proposed this question: ' For what did you strike him ? ' stating that they expected that he would give, as the reason why he did it, because he, the defendant, thought deceased was going to strike him; but the judge excluded the inquiry. The defendant's counsel asked him where he intended to hit Coombs, saying they expected to prove that he only meant to hit his shoulder, and not his head ; but the judge excluded this inquiry also.

" The Commonwealth introduced, in reply to the defendant's testimony, several witnesses, who testified that the defendant narrated to them the transaction soon after it occurred, and did not state anything about the shovel being raised against him. In reply to this, the defendant offered to prove, by another witness, that, within an hour or two of the transaction, he told him about the affair, and told him Coombs did attempt to strike him with the shovel; but the judge excluded the evidence.

" The defendant's counsel contended that the defendant's blow was given in self-defence, and that he had reasonable cause to apprehend great bodily harm. The attorney for the Commonwealth argued to the jury that the defendant did not apprehend violence, but struck the blow to chastise Coombs for the words spoken. The defendant contended to the jury, as matter of law, and asked the judge to rule, that, if the defendant reasonably apprehended bodily harm and danger, he had a right to defend himself by a blow of reasonable force and proper character, although the jury should be satisfied at the time of trial, looking

backward, that in fact Coombs did not intend violence, and that it was not reasonably necessary for the defendant's defence to strike the blow. The judge did not give the instructions in the form asked; but instructed the jury that a person may use the force necessary to defend his person and prevent impending danger; and that, unless the defendant, at the time he struck Coombs, under all the circumstances of the case, had reasonable cause to believe that it was necessary to protect his person, and that the blow was given by him for that purpose, he is responsible for the consequences of the blow.

" The defendant further asked the judge to rule as follows: ' Supposing that the defendant made an assault on Coombs and death ensued; if death was not the usual, natural, ordinary or probable consequence of the assault, the defendant cannot be convicted of manslaughter.' And the defendant contended that there was evidence to support this prayer. The judge ruled as follows: ' If the defendant committed an assault and battery on the person of Coombs, without justifiable cause, and death ensued therefrom, it is manslaughter.'

" The defendant further asked the judge to rule that ' the indictment charging the defendant with having wilfully caused the death of Coombs must be sustained by proof of wilful killing.' The judge ruled as follows: ' It is not necessary, in order to find the defendant guilty under this indictment, that the Commonwealth should prove that it was the intention of the defendant to cause the death of Coombs; it is only necessary for the Commonwealth to prove that he wilfully struck the blow without justifiable cause, and from that blow death ensued.' "

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. M. Stearns,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

Wells, J. 1. The only question argued, upon the motion to quash the indictment, relates to the sufficiency of the description of the wound from which death is alleged to have ensued. In the first count, it is described only as " one mortal wound " in and upon the left side of the head. The defendant's counsel

argues that this is not sufficient, because it is not made to appear that the wound was not an incised wound; and, if it was an incised wound, it should have been described by its length, breadth and depth.

In the case of *Commonwealth* v. *Chapman*, 11 Cush. 422, relied upon to sustain this position, the indictment, which contained no other description of the wound than that in the present case, was held to be sufficient. The report states that "the court distinguished this from an incised wound, because the indictment alleged that the defendant ' did strike and bruise' the deceased." But that allegation, although it preceded, did not form any part of the description of the wound resulting from the blow, which was alleged to have been given with an axe. If the description of the wound in this count may be aided in the same way, by reference back to the allegations it contains which are descriptive of the assault, we think it is fairly to be inferred that the wound, given upon the head with a whipstock, must have been a bruise or contusion, and not an incised wound, and so, within the principle of that case, sufficiently described.

But if this were not a sufficient answer, and assuming, as is suggested in *Commonwealth* v. *Chapman*, that, "in the case of a simple incised wound, the authorities would support the position that a description is necessary," we are of opinion that the tendency of modern jurisprudence and legislation is such as to justify, if not to require, a departure from the old rule of pleading, in a matter which is, practically, so nearly one of mere form. The case of *Commonwealth* v. *Chapman* cannot fairly be added to the authorities in favor of the supposed rule ; for it is manifest, from the manner of the decision there, that the court did not intend to strengthen the rule by the weight of its sanction. Several English cases question, if they do not deny, the existence of the rule, both upon the ground of authority and of good sense. *Rex* v. *Mosley*, 1 Mood. 97. *Rex* v. *Tomlinson*, 6 C. & P. 370. We fail to discover any sound principle, on which the rule can stand, to justify its perpetuation. We do not suppose that, in the case of *Commonwealth* v. *Chapman*, the indictment would have failed for a variance, if the proof had been of an

incised wound. Where the blow was with a blunt instrument, which broke through the skin, the wound would be properly described either as a bruise or an incised wound. Under the St. 9 Geo. IV. *c.* 31, against injuries with intent to murder, maim, &c., the proof of a " wounding " was required to be of an incision through the skin. Rosc. Crim. Ev. (6th ed.) 890.

A particular description of the wound cannot be necessary to enable the defendant to know for what injury he is called upon to answer. If required for this purpose it would be valueless, because the allegation need not be accurate, in correspondence with the proof. The statement of the general nature and locality of the wound, and the instrument or means by which it was inflicted, are all that can be required for this purpose.

The reason most frequently assigned for the requirement is, that it is necessary in order that it may be made to appear from the indictment that the wound was sufficient to cause death. If this is not essential in case of a bruise or contusion, there is no good reason why it should be so in case of an incised wound. The indictment must allege it to be a mortal wound, and that death ensued therefrom; and if the testimony sustains those allegations, the homicide is proved, however limited the extent of the incision. Notwithstanding the frequent repetition of this reason for the rule, we are aware of no authority which has ever attempted to define the least extent in length, breadth or depth of incision which would be sufficient, and which it is necessary to allege, in order to make it appear that the wound was sufficient to cause death; or to define the principle upon which the court can determine upon its sufficiency as a question of law.

Upon a careful consideration of the whole matter, we are constrained to hold that the rule, if ever established in the form and degree claimed, is no longer in force in the practice of our courts.

2. The principal question raised upon the trial relates to the exclusion of certain testimony offered to sustain a justification of the blow on the ground that it was given in self-defence. The defendant testified to facts from which the jury, if they believed his statements, might find that he had reasonable cause

Commonwealth *v.* Woodward.

to apprehend an attack upon and serious bodily harm to himself from Coombs, with his shovel raised "as if to strike." It was then proposed to add his own statement that he struck Coombs "because he thought deceased was going to strike him," the defendant. This the court excluded, but instructed the jury that, "unless the defendant, at the time he struck Coombs, under all the circumstances of the case, had reasonable cause to believe that it was necessary to protect his person, and that the blow was given by him for that purpose, he is responsible for the consequences of the blow." We think this instruction is entirely right, and correctly states the proposition upon which alone the defence could be maintained. If so, then it must follow that the purpose, as well as the reasonable cause, is open to inquiry, and to proof by testimony. And this is unquestionably the law. *Commonwealth* v. *Presby,* 14 Gray, 65. The criminal purpose or intent must always be proved. It is usually inferred from the character and circumstances of the offence, or proved by preceding threats, accompanying declarations, or subsequent conduct or admissions. Now that the defendant himself is admitted as a witness, it must be competent for him to testify directly to that which is always a subject of proof or disproof by indirect evidence.

The argument of the counsel for the Commonwealth proceeds upon the supposition that this was "an offer to prove the defendant's actual apprehension of a blow from the deceased as a distinct, separate and independent proposition, instead of proving that he had reasonable grounds to apprehend such a blow." But that is not the true aspect of the case. The proposition upon which this defence must rest, and which was in fact submitted to the jury, consisted of two branches; one the reasonable cause, the other the actual apprehension or thought of the defendant, and his purpose or intent. Both must exist, or neither will avail. In determining whether the evidence of an actual apprehension of bodily harm is admissible, the court cannot be governed by its own conclusions from the testimony as to the sufficiency of the proof of reasonable cause; but if there *is* any testimony which, if believed, would warrant the jury in finding

that there was such reasonable cause, though it comes from the defendant alone, and is in conflict with all the other evidence in the case, it is sufficient to entitle the defendant to testify in support of the other branch of the proposition, that he did in fact act under such an apprehension. The court will, of course, as it did in the present case, instruct the jury that both branches of the proposition are essential to the justification. As there was some testimony to show reasonable cause, the evidence offered to show an actual apprehension should have been admitted.

3. Upon an indictment for manslaughter, which alleges the killing to have been wilful, it cannot be necessary to prove that allegation. If the allegations had set out the crime of murder, a conviction for manslaughter might be had upon proof merely of unjustifiable homicide. And generally a defendant may be convicted of any offence, less than the whole charge, which is well set out in the indictment. *Commonwealth* v. *Drum*, 19 Pick. 479. Gen. Sts. c. 172, § 16. The necessity of proof that it was wilful cannot be greater because the allegation was unnecessary. If such allegations are proved as constitute the offence, it is enough.

The defendant contends further, that " if death was not the usual, natural or probable consequence of the assault, the defendant cannot be convicted of manslaughter." This presents only the question of implied intent to kill, which is clearly not necessary to make the offence manslaughter. If the blow cannot be justified as an assault, it becomes manslaughter by the mere fact of death resulting. The rulings of the court upon this part of the case were right. So far, also, as it was intended to bear upon this question, the testimony of the defendant, offered " to prove that he only meant to hit his shoulder, and not his head," was properly excluded.

4. In one aspect of the case, we think the testimony that he " only meant to hit his shoulder and not his head " might have been admissible, to wit, in its bearing upon the claim of justification of the assault on the ground of self-defence. If the assault itself, on his part, was unjustifiable, it is of no consequence

whatever where he meant to hit Coombs. But upon the question whether it was given in the reasonable exercise of his right of self-defence, the manner and character of the blow may sometimes have an important bearing. It may be such as of itself to satisfy the jury that it was a deliberate attempt to injure, and not a mere sudden effort to repel danger. If the defendant should testify that he only intended to strike at and near the deceased, or to hit his hands or arms, or that he was alarmed and struck wildly, intending only to deter his assailant or to turn aside his blows, and that he hit him in a vulnerable part without intending to do so, it would clearly be pertinent to the question, and admissible. The testimony offered was of this nature, and, if offered for this purpose, was admissible. It may be that a blow aimed at the shoulder is no more consistent with the theory of self-defence than one at the head. But that is a matter for the jury, and not for the court, to consider.

5. The exclusion of the defendant's own declarations as to the attempt of Coombs to strike him with a shovel, to meet the evidence of his admissions to the contrary, was clearly right. The defendant's counsel properly omits to press that point here.

As some testimony, which the court, upon careful consideration, deem competent and material to the defence, was excluded at the trial, it is necessary that a new trial should be granted.

*Exceptions sustained.*