## COMMONWEALTH *vs.* WILLIAM O'MALLEY.

Worcester.    October 4. — 11, 1881.    LORD & ALLEN, JJ., absent.

At the trial of an indictment for the manslaughter of G., by shooting him with a pistol, there was evidence that G. made an attack upon the defendant, giving him some serious blows about the head and face, and that during the encounter the defendant shot G. with a pistol. The defendant asked the judge to rule that, "if the defendant had reason to believe that G. intended to do him great bodily harm, and had reason to believe he was in danger of great bodily harm, he would be justified in defending himself by shooting his assailant." The judge gave the instruction requested, but inserted before the words "he would be justified" the words "which no other means could effectually prevent." *Held,* that the words "if the defendant had reason to believe" qualified the whole of the instruction, and that the defendant had no ground of exception.

INDICTMENT for the manslaughter of Malachi Grady, on July 6, 1880, at Clinton, by shooting him with a pistol.

At the trial in the Superior Court, before *Rockwell,* J., there was evidence tending to show that, owing to a dispute between the defendant and Grady with reference to some money, Grady had threatened to have revenge upon him; that, on the morning of the day above named, the parties had some angry words about the matter at the house of the defendant; that Grady left the house, and, in the course of two or three hours afterwards, the parties met on the street, and Grady made a violent attack upon the defendant, giving him some serious blows on and about the head and face; and that in the course of this encounter the defendant shot Grady, from the effects of which wound Grady died.

The defendant asked the judge to rule that, if the defendant had reason to believe that Grady intended to do him great bodily harm, and had reason to believe he was in danger of great bodily harm, he would be justified in defending himself by shooting his assailant.

The judge gave the instruction requested, but inserted after the words "danger of great bodily harm," and before the words "he would be justified," the words "which no other means could effectually prevent."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. F. Verry & J. W. Corcoran*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

GRAY, C. J. According to the manifest intent and natural meaning of the instruction given to the jury, the qualification "if the defendant had reason to believe" applied to the clause "which no other means could effectually prevent," as well as to the rest of the proposition laid down by the court. In legal effect, as in common understanding, the instruction was, that if the defendant had reason to believe that his assailant intended to do him great bodily harm, and that he was in danger of such harm, which, as he had reason to believe, no other means could effectually prevent, he would be justified in defending himself by shooting him. Anything less than this would clearly afford no justification. Trial of Selfridge, 160. *Commonwealth* v. *Woodward*, 102 Mass. 155, 161. The suggestion in argument, that the instruction excluded all other means of self-defence which might result in the death of the assailant than shooting, is a strained interpretation, which there is nothing in the bill of exceptions to show could have been applied to the evidence before the jury.                                    *Exceptions overruled.*