COMMONWEALTH *vs.* PETER BARNACLE.

Middlesex. Nov. 27, 1882. — Jan. 9, 1883. DEVENS & HOLMES, JJ., absent.

At the trial of an indictment for manslaughter, in which the evidence shows that the deceased made an attack upon the defendant, on the issue whether the defendant acted in self-defence and under a reasonable apprehension of bodily harm, evidence is admissible in defence that the deceased was a larger and more powerful man than the defendant.

MORTON, C. J. This is an indictment for manslaughter, charging the defendant with the killing of one Thomas Barnacle, by stabbing him with a knife. The evidence tended to show that said Thomas attacked the defendant with a knife and fork. The defendant contended that he stabbed Thomas when this attack was made; and that he acted in self-defence, and under a reasonable apprehension that Thomas would do him great bodily harm. To prove this issue, he offered to show by a witness, who knew both Thomas and the defendant, that Thomas was a larger and more powerful man than the defendant. Upon the objection of the Commonwealth's attorney, the court rejected this evidence; and the defendant excepted.

It is well settled that, if a man is attacked, he has the right to defend himself. If the attack is of such a character, and made under such circumstances, as to create a reasonable apprehension of great bodily harm, and he acts under such apprehension, and in the reasonable belief that no other means will effectually prevent the harm, he has the right to kill the assailant. In such cases, therefore, the questions whether there was reasonable cause to apprehend great bodily harm, and whether the defendant acted under such apprehension, are material issues. *Commonwealth* v. *Woodward*, 102 Mass. 155. *Commonwealth* v. *O'Malley*, 131 Mass. 423. It necessarily follows, that, in the case before us, the question whether the defendant acted under a reasonable apprehension of great bodily harm to himself from the attack of Thomas, was a material issue. Any evidence which tends to prove this issue is competent. The jury could not intelligently pass upon this issue without being informed as to the character and circumstances of the attack. It seems to us clear, that the fact that the assailant was a larger and more

powerful man than the defendant has a bearing upon the issue. The test is whether the fact is, according to the general experience of mankind, capable of affording a reasonable presumption or inference as to the issue in dispute. The question whether a man has reason to apprehend danger from an attack must depend in some measure upon the size and strength of the assailant. If the assailant is a child, or a weak and effeminate man, much inferior in strength to the party assaulted, and unarmed, common experience teaches us that there is no cause to apprehend serious danger from the assault. On the other hand, if the assailant is a large and powerful man, whom the assaulted party could not successfully resist by his unaided strength, this fact would naturally create in his mind an apprehension of danger, which might justify him in using a deadly weapon for self-defence. Certainly it must be competent to show that the assailant was armed with a deadly weapon; for the same reason, it may be shown that he is armed by nature with a superior size and strength, which makes his attack irresistible and dangerous.

We are of opinion that the fact which the defendant offered to prove, that the said Thomas was a larger and more powerful man than the defendant, was competent, and should have been admitted.

The Commonwealth relies upon the cases of *Commonwealth* v. *Hilliard*, 2 Gray, 294; *Commonwealth* v. *Mead*, 12 Gray, 167; and *Commonwealth* v. *York*, 7 Law Reporter, 497, 507. In *Commonwealth* v. *Hilliard*, the question we have discussed does not appear to have been raised. The defendant there offered to show the general character of the deceased as a fighting, brutal man, of great strength; and the decision was that the evidence was too remote, the court saying that " the provocation under which the defendant acted must be judged of by the *res gestæ ;* and the evidence must be confined to the facts and circumstances attending the assault by the deceased upon the defendant." It does not decide that the defendant could not put in, as part of the *res gestæ*, the fact that the deceased was larger and more powerful than himself.

So in *Commonwealth* v. *York*, the defence being that the homicide was committed under provocation and in mutual

combat, it was ruled at the trial that upon these issues evidence of the general character of the deceased as a quarrelsome man and as a prize-fighter was not admissible. The question before us was not raised or considered.

In *Commonwealth* v. *Mead,* the court held that evidence tending to prove the great muscular strength of the deceased was incompetent. That case has not, we think, been followed by other courts, and has been much questioned by the profession. So far as it conflicts with our decision in the case before us, we feel constrained to overrule it.

*Exceptions sustained.*

*W. B. Gale & J. P. Gale,* for the defendant, in addition to the cases mentioned in the opinion, cited *Selfridge's case,* 33, 56, 60, 64, 66, 164; *Hurd* v. *People,* 25 Mich. 405; *Dukes* v. *State,* 11 Ind. 557; *State* v. *Keene,* 50 Mo. 357; *State* v. *Bryant,* 55 Mo. 75; *State* v. *Harris,* 59 Mo. 550; *State* v. *Benham,* 23 Iowa, 154; *State* v. *Collins,* 32 Iowa, 36; *People* v. *Lamb,* 2 Keyes, 360, 364; *Commonwealth* v. *Drum,* 58 Penn. St. 9; *State* v. *Tackett,* 1 Hawks, 210; *State* v. *Hogue,* 6 Jones (N. C.) 381; *State* v. *Smith,* 12 Rich. 430; *Fields* v. *State,* 47 Ala. 603; *Rippy* v. *State,* 2 Head, 217; *Wesley* v. *State,* 37 Miss. 327.

*G. Marston,* Attorney General, for the Commonwealth.