CARRIE C. BLANCHARD vs. HOLYOKE STREET RAILWAY
COMPANY.

Hampden.     September 27, 1904. — October 27, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* View of plaintiff, Conduct of trial.

In an action for personal injuries, it is within the discretion of the presiding judge
to refuse to permit the jury to take a view of the plaintiff at her home, in order
to judge of the extent of her injuries, upon a statement of her counsel made
before the trial that she is unable to come into court to testify except upon a
stretcher or in a reclining position.

In an action for personal injuries, upon a statement of the plaintiff's counsel, un-
supported by proof and denied by the defendant, that the plaintiff is unable to
come into court to testify except upon a stretcher or in a reclining position, it is
within the discretion of the presiding judge to deny a motion of the plaintiff
made before the trial, that the plaintiff be allowed to come into court to testify
in a reclining position, supported on a stretcher or couch.

In an action for personal injuries, if the presiding judge finds that the plaintiff is
unable to testify except in a reclining position and that she can testify in this
way, whether it is the duty of the judge to permit her to be brought before the
jury upon a stretcher instead of testifying by deposition, *quære.*

TORT for personal injuries from a rear end collision while the
plaintiff was a passenger on a car of the defendant on July 4,
1903.     Writ dated September 3, 1903.

At the trial in the Superior Court before *Maynard,* J., there
was evidence of the defendant's negligence and of due care on
the part of the plaintiff, and that the plaintiff was injured by
the accident.

The jury returned a verdict for the plaintiff in the sum of
$2,500; and the plaintiff deeming the damages insufficient al-
leged exceptions, relating to the denial of two motions made by
the plaintiff at a hearing a week before the trial was begun,
which are stated in the opinion of the court.

*N. P. Avery & J. B. Carroll,* for the plaintiff.

*W. H. Brooks & W. Hamilton,* for the defendant.

KNOWLTON, C. J.     This is an action of tort, to recover dam-
ages for personal injuries.     Before the trial the plaintiff's coun-
sel stated to the court that the plaintiff was unable to come into
court to testify, unless upon a stretcher or in a reclining posi-

tion, and moved that the jury might take a view of the plaintiff at her home. The first question arises upon the plaintiff's exception to an order denying this motion.

Except in suits for the recovery of damages for the taking of land for a public use, the question whether a view should be taken, in any case, is a matter peculiarly within the discretion of the court. R. L. c. 176, § 35; c. 48, § 43. *Commonwealth v. Webster*, 5 Cush. 295, 298. *Commonwealth v. Chance*, 174 Mass. 245, 247. A motion that the jury take a view of the plaintiff in his home, in order to judge of the extent of his injuries, is very unusual, if not entirely unprecedented in this Commonwealth. There was no error of law in the denial of this motion, and the discretion of the court seems to have been wisely exercised.

The plaintiff presented at the same time, with the same statement, a motion to be allowed to come into court to testify in a reclining position, supported on a stretcher or couch. Both of these motions had been made and denied at a previous sitting of the court, and the case had then been continued. They were renewed and denied again about a week before the trial of the case. The plaintiff did not at any time appear in court, neither was her deposition taken, nor was any attempt made to take it. The statement of the plaintiff's attorneys that the plaintiff was unable to walk into court and testify standing or sitting in the usual way was denied by the attorneys of the defendant. At the trial of the case evidence was introduced by the plaintiff that she was seriously injured, and unable to sit up or to come into court and testify otherwise than upon a stretcher or in a reclining position. Evidence was introduced by the defendant that there was nothing the matter with her and that she was able to walk into court. Experts called by the plaintiff, and others called by the defendant, described in detail her physical appearance and condition.

There is no doubt that courts may make reasonable rules and orders for the conduct of business, the preservation of order and decorum, and the prevention of unseemly exhibitions. In such matters, much must be left to the discretion of the presiding justice. Whether, if the judge had found that the plaintiff was unable to testify except in a reclining position, and that she

could testify in this way, it would have been his duty to permit her to be brought before the jury upon a stretcher rather than to testify by deposition, is a question which we need not decide in this case. It is enough for our decision to say that no evidence was introduced at the hearing, and that the statement made by the plaintiff's counsel was denied by the defendant's counsel. So far as the bill of exceptions shows, the judge may have believed that the plaintiff was well able to walk into court and to testify in the usual way. With a dispute between the parties as to whether the plaintiff's injuries were real or pretended, and with the opportunities for deception as to her condition that might be afforded by a reclining position upon a stretcher in the court room, the judge well might decide that the testimony should be presented in the usual way. In the absence of any finding of fact by the judge in favor of the plaintiff's representation, or of anything to show that the plaintiff was unable to walk into court, it is plain that the exception to the denial of this motion is not well founded.

*Exceptions overruled.*