CHARLES BRENNAN *vs.* ANTONIO A. BONGIORNO.

Essex.   October 5, 1939. — December 5, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Evidence,* Relevancy and materiality, Of character. *Practice, Civil,* Exceptions: whether error harmful; Requests, rulings and instructions.

In an action for assault alleged to have been committed by an employee of the defendant, evidence that the employee had a reputation as a prize fighter was inadmissible, and its admission was error prejudicial to the defendant although it was undisputed that the employee struck the plaintiff, since there was also evidence that the plaintiff followed the defendant as he sought to avoid the plaintiff, who was the aggressor and struck the first blow.

There was no error in the refusal of a requested ruling based on only part of the facts material to the issue involved in the request.

TORT. Writ in the District Court of Southern Essex dated February 10, 1937.

Upon removal to the Superior Court, there was a verdict for the plaintiff in the sum of $550 at the trial before *J. W. Morton,* J. The defendant alleged exceptions.

The case was submitted on briefs.

*J. J. Foley,* for the defendant.

*J. M. Cashman & F. J. Hamelin,* for the plaintiff.

COX, J. The jury found for the plaintiff in his action of tort to recover damages for injuries, alleged to have been sustained as a result of an assault committed in the defendant's café by one Chiampa, an alleged employee. The jury could have found that, without any justification, the plaintiff was assaulted by Chiampa at about one o'clock in the morning, although the evidence was conflicting whether the assault was committed in the café and whether at the time Chiampa was an employee. There was evidence that Chiampa was employed to clean the café; that he did this work between the hours of eight and ten o'clock every morning; and that he was not employed to do any other

work. Although there was evidence that just prior to the assault Chiampa was serving customers in the café, there was other evidence that at that time he was there solely as a customer or "merely to pass the time and talk to the bartender."

A witness, called in direct examination by the plaintiff, was asked what Chiampa's reputation as a fighter in the prize ring was, and he replied: "Very good . . . Well, he would travel like a son-of-a-gun . . . He can fight very hard." If we assume that Chiampa had a general reputation as a fighter and the witness knew of it, and if we could further assume that a prize ring fighter is apt to commit assaults, nevertheless we are of the opinion that the evidence was inadmissible. "The fact that a person's habits or character are such that he would be apt to do an act is not competent evidence that he did the act." *Commonwealth* v. *Rivet*, 205 Mass. 464, 466, and cases cited. *Commonwealth* v. *Webster*, 5 Cush. 295, 325. *Warner* v. *Brooks*, 14 Gray, 107. *Bruce* v. *Priest*, 5 Allen, 100. *Geary* v. *Stevenson*, 169 Mass. 23, 31. *Luiz* v. *Falvey*, 228 Mass. 253, 255. Compare *Day* v. *Ross*, 154 Mass. 13. The case is distinguishable from those cases where, under a plea of justification or self-defence, the general character and habits relevant to the issue on trial of the one assaulted may be shown if known to the assailant. *Commonwealth* v. *Tircinski*, 189 Mass. 257. *Commonwealth* v. *Festo*, 251 Mass. 275, 280. Compare *Commonwealth* v. *Bezko*, 280 Mass. 435. Although it was undisputed at the trial that Chiampa struck the plaintiff, and for that reason it might seem that the admission of this evidence was not prejudicial, nevertheless there was evidence that, before any assault occurred, Chiampa, in order to get away from the plaintiff, left the café followed by the plaintiff, who was the aggressor and struck the first blow. In these circumstances it cannot be said that the error was not prejudicial and the exception must be sustained.

There was no error in the refusal of the trial judge to give the defendant's request that "If the jury find that Chiampa's work consisted only of cleaning the premises, then the jury

should find for the defendant." The request fails to take into consideration other important factors upon which the defendant's liability, if any, could be established.

Inasmuch as there must be a new trial at which the question presented by the remaining exception probably will not arise, it is unnecessary to consider it. See *Caron* v. *Lynn Sand & Stone Co.* 270 Mass. 340, 348; and also *Ciarmataro* v. *Adams*, 275 Mass. 521; *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, with cases collected at page 478.

*Exceptions sustained.*