### COMMONWEALTH *vs.* JOSEPH RUBIN.

Suffolk.     October 1, 1945. — October 30, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Evidence,* Of threat, Cumulative. *Error,* Whether error harmful. *Practice, Criminal,* Exceptions: whether error harmful.

Discussion by LUMMUS, J., of the admissibility, in a case where a defendant seeks to justify his killing or hurting another on the ground of self defence, of evidence of threats of violence against the defendant, made by the person killed or hurt.

In a criminal case in which the defendant sought to justify his killing another on the ground of self defence, the exclusion of testimony by a witness for the defendant showing threats of violence against the defendant by the person killed was not prejudicial error where evidence of substantially as strong threats against the defendant was admitted through a witness for the Commonwealth who, if not disinterested, was a friend and partisan of the person killed and was accused by the defendant of participating in an assault on the defendant by that person; the excluded testimony was merely cumulative.

INDICTMENT, found and returned on August 10, 1944.

The case was tried before *Hurley*, J.

*R. L. Lurie,* for the defendant.

*F. T. Doyle,* Assistant District Attorney, (*G. E. McGunigle,* Assistant District Attorney, with him,) for the Commonwealth.

LUMMUS, J.   This is an indictment for manslaughter in the killing of Guy P. Formica.  The defendant was found guilty, and brings the case here by appeal, with a summary of the record, a transcript of the evidence, and an assignment of errors, as provided in G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended.  The only errors assigned, two in number, are in substance the exclusion of evidence of threats made by the deceased against the defendant, although the defendant does not contend that those threats were communicated to the defendant before the shooting and killing of Formica.

Where self defence is invoked by a defendant, threats of violence made against him by the person hurt or killed by him are generally admissible, when known to the defendant before the act, as evidence of his apprehension for his own safety, and the reasonableness of that apprehension.  Wigmore, Evidence (3d ed. 1940) § 247.  Similarly the character of the person hurt or killed as a powerful, dangerous, quarrelsome or violent person, if known to the defendant, may be admitted for the same purpose.  *Commonwealth* v. *Tircinski*, 189 Mass. 257.  *Commonwealth* v. *De Vico*, 207 Mass. 251, 253.  Wigmore, Evidence (3d ed. 1940) § 246.  For this purpose knowledge by the defendant at the time of the act of the threats by or the character of the person hurt or killed, is essential.  *Commonwealth* v. *Festo*, 251 Mass. 275, 280.  *Brennan* v. *Bongiorno*, 304 Mass. 476, 477.

Threats of violence against a defendant, made by the person hurt or killed by him, whether communicated or not to the defendant before he acted, may be received in evidence upon another ground.  It is true that "the fact that a person's habits or character are such that he would be apt to do an act is not competent evidence that he did the act."  *Commonwealth* v. *Rivet*, 205 Mass. 464, 466, quoted in *Brennan* v. *Bongiorno*, 304 Mass. 476, 477.  *Commonwealth* v. *Festo*, 251 Mass. 275, 280.  But threats stand differently.  A threat is a declaration of purpose, and like other declarations of purpose is evidence that an occurrence that might be in execution of that purpose was in fact

in execution thereof. ' In *Commonwealth* v. *Trefethen*, 157 Mass. 180, the defendant was charged with drowning an unmarried woman who was pregnant. It was held error to exclude evidence of her threat to drown herself. Field, C.J., said (page 185), "The nature of the case proved by the Commonwealth was such, that it was not impossible that she had committed suicide. If it could be shown that she actually had an intention to commit suicide, it would be more probable that she did in fact commit it than if she had had no such intention." Many other cases illustrate the principle.[1]

Under this rule, when a defendant contends that he acted in self defence, and there is evidence of some act on the part of the person hurt or killed by the defendant that might constitute such an attack upon the defendant as would justify his use of force, evidence of a threat of violence against the defendant, made by the person hurt or killed, even though the threat was unknown to the defendant, is admissible to show that the person hurt or killed was actually attempting to carry out his threat, and that the defendant was in real danger. *Wiggins* v. *People*, 93 U. S. 465. *Commonwealth* v. *Trefethen*, 157 Mass. 180, 192. *Stokes* v. *People*, 53 N. Y. 164, 174, 175. *Wilson* v. *State*, 30 Fla. 234, 242, 243. Wigmore, Evidence (3d ed. 1940) §§ 110, 111.

Threats against a defendant, made by the person hurt or killed, are not admissible on the ground last stated unless the defendant attempts, as in the present case, to justify on the ground of self defence, nor unless there is some

---

[1] *Commonwealth* v. *Williams*, 2 Cush. 582, 585, 586. *Cook* v. *Moore*, 11 Cush. 213, 217. *Commonwealth* v. *Wilson*, 1 Gray, 337. *Commonwealth* v. *Madan*, 102 Mass. 1. *Commonwealth* v. *Choate*, 105 Mass. 451, 459. *Commonwealth* v. *Cotton*, 138 Mass. 500. *Commonwealth* v. *Crowe*, 165 Mass. 139, 141, and cases cited. *Inness* v. *Boston, Revere Beach, & Lynn Railroad*, 168 Mass. 433. *Commonwealth* v. *Storti*, 177 Mass. 339, 342. *Commonwealth* v. *Howard*, 205 Mass. 128, 152. *Bock* v. *Wall*, 207 Mass. 506. *Commonwealth* v. *Stuart*, 207 Mass. 563, 570. *Aldrich* v. *Aldrich*, 215 Mass. 164, 170, 171. *Robinson* v. *Doe*, 224 Mass. 319, 323. *Commonwealth* v. *Russ*, 232 Mass. 58, 72. *Commonwealth* v. *Ramey*, 243 Mass. 394. *Commonwealth* v. *Gettigan*, 252 Mass. 450, 458. *Gould* v. *Kramer*, 253 Mass. 433, 438. *Commonwealth* v. *Kosior*, 280 Mass. 418, 422. *Shepard* v. *United States*, 290 U. S. 96, 103. Wigmore, Evidence (3d ed. 1940) §§ 102, 105–113, 1725–1728. Notes, 83 Am. L. R. 434; 113 Am. L. R. 288. See also *Conklin* v. *Consolidated Railway*, 196 Mass. 302.

evidence to support that justification. Unless there is evidence of some act on the part of the person hurt or killed that, if done with a purpose to do serious harm to the defendant, could justify the use of such force as the defendant used, the state of mind of the person hurt or killed is immaterial. Wigmore, Evidence (3d ed. 1940) § 111 (3) (b).

Without elaborating the subject, we think there was evidence that Formica was the aggressor and was a powerful fighting man, that the defendant reasonably considered himself in danger of serious bodily harm, and that he made a reasonable effort to avoid trouble before shooting. There was much evidence to the contrary. But the question was for the jury. *Commonwealth* v. *Barnacle*, 134 Mass. 215. *Commonwealth* v. *Peterson*, 257 Mass. 473, 478. *Monize* v. *Begaso*, 190 Mass. 87, 89. *Brown* v. *United States*, 256 U. S. 335, 18 Am. L. R. 1276. *People* v. *Ligouri*, 284 N. Y. 309. *Josey* v. *United States*, 135 Fed. (2d) 809.

It was unquestioned that the defendant and Formica became involved in a dispute shortly after midnight on June 28, 1944, in the course of which Formica was struck and cut over the eye by a sailor named Montalongo, who was a partisan of the defendant. About an hour later, when the defendant, accompanied by his bartender Di Carlo and the same Montalongo, was closing up his night club and preparing to enter his automobile to go home with his wife and daughter, Formica was in front of his own hotel a short distance away with one Lagoulis. The evidence is conflicting as to which approached the other with belligerent intent. The defendant offered to show by a seaman who was on duty with a shore patrol that, after the affair in which Formica sustained a cut over the eye, Formica told him "that he would get that man," not naming him, and "that he had taken decisions from fighters; from real fighters, but he never took a decision before from a punk like that, and he would get this so-and-so when he didn't have half a dozen sailors around him to protect him." There was no suggestion that this threat was ever communicated to the defendant before the shooting. The exclusion, subject to

the exception of the defendant, of the evidence so offered, raises the only question in the case.

We think that the evidence might well have been admitted. But the exception cannot be sustained unless the excepting party shows that the exclusion was likely to be prejudicial to him. It was clear that even if the defendant walked over to Formica to ask whether Formica was still looking for trouble, as the Commonwealth contended, Formica answered forcibly and profanely that he was, and began to fight. Moreover, Lagoulis, who had testified for the Commonwealth, was recalled as a witness after the offer of proof was made, and cross-examined by counsel for the defendant. During the cross-examination there was introduced in evidence the entire written statement that Lagoulis had made to a police lieutenant. In the course of that statement Lagoulis said that after the affair in which Formica sustained a cut over his eye Formica said that he had a grievance against the defendant. Lagoulis said that Formica "was very peeved" and "was blabbering something about . . . [the defendant] hitting him and the sailor holding him." He said that Formica was "greatly disturbed over what had taken place," and that Formica said he "was going to get even" and also "I will get him." No limitation was put upon the use of this statement in evidence, and it went in for all purposes for which it had probative force. *Commonwealth* v. *Wakelin*, 230 Mass. 567, 576. *Blackman* v. *Coffin*, 300 Mass. 432, 437. *Jackson* v. *Colonial Provision Co. Inc.* 314 Mass. 177, 180. It contained substantially as strong threats made by Formica against the defendant as were contained in the evidence offered and excluded. And since Lagoulis was a witness for the Commonwealth, and if not disinterested was a friend and partisan of Formica, and was accused by the defendant of participating in Formica's assault upon him, it is inconceivable that the jury did not accept as true the statements made by Lagoulis as to threats on the part of Formica.

The defendant therefore had the full benefit of the fact that Formica made threats against the defendant substantially equivalent to those offered and excluded. Under

these circumstances the evidence offered was merely cumulative, and the defendant does not show that he was likely to be harmed by its exclusion. *Commonwealth* v. *Capalbo,* 308 Mass. 376, 383. *Bendett* v. *Bendett,* 315 Mass. 59, 65, 66.

*Judgment affirmed.*