COMMONWEALTH *vs.* FANNON BEAULIEU. November 20, 1975. The defendant was found guilty after a jury-waived trial in the Superior Court on separate indictments which charged him with assault and battery by means of a dangerous weapon and rape, respectively. The cases were tried pursuant to G. L. c. 278, §§ 33A-33G. The appeal presents only the question whether the trial judge's viewing of the complainant's chest and facial wounds during the course of the trial was an abuse of discretion because the scars were allegedly irrelevant, gruesome, and inflammatory. Errors assigned but not argued are deemed waived. There was evidence that the defendant and the complainant had known each other prior to the incident in question, that the defendant was visiting the complainant's apartment, that there was a disagreement over the defendant's use of her telephone for a long distance call, and that the defendant then beat and raped the complainant

and thereafter slashed her with a knife both on her face and on one breast. The judge viewed the wounds in his role as the finder of fact. The defendant stipulated that there were marks indicating injury on the complainant's face and chest but disputed the manner in which she alleged the lacerations occurred. After having ascertained from the prosecution that it would ask the factfinder to infer from the scars the method by which the wounds were inflicted (Cf. *Horowitz* v. *Bokron,* 337 Mass. 739, 742 [1958]), the judge determined that if a jury had been present, he would have permitted them to view her injuries. See generally, *Commonwealth* v. *Farrell,* 322 Mass. 606, 609-611, 616-620 (1948). The wounds were relevant to ascertaining whether the defendant actually used the knife introduced in evidence to slash her. See *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 817 (1973). The trial judge, sitting without a jury, is presumed, absent contrary indication, to have correctly instructed himself as to the manner in which evidence was to be considered in his role as factfinder. *Cummings* v. *National Shawmut Bank of Boston,* 284 Mass. 563, 568 (1933). *Cambridge* v. *West Springfield,* 303 Mass. 63, 69 (1939). The admission of demonstrative evidence is a matter of discretion for the trial judge. *Blanchard* v. *Holyoke St. Ry.* 186 Mass. 582, 583 (1904). *Tuttle* v. *McGeeney,* 344 Mass. 200, 205 (1962). *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 279 (1962), cert. den. 371 U. S. 852 (1962). *Commonwealth* v. *Stirling,* 351 Mass. 68, 72 (1966). *Commonwealth* v. *Torres,* 367 Mass. 737, 742 (1975). We see no reason to disturb his determination that the probative value of viewing the scars outweighed any potential prejudicial effect.

*Judgments affirmed.*

The case was submitted on briefs.
*Richard S. Goldstein* for the defendant.
*Paul V. Buckley,* Assistant District Attorney, for the Commonwealth.