LAWRENCE J. FIGUEIREDO, administrator, *vs.* CHARLOTTE LELAND HAMILL. February 9, 1982. On September 21, 1975, an automobile driven by Charlotte Leland Hamill struck a pedestrian who died as a result of the accident. The plaintiff, administrator of the estate of the deceased, brought an action in tort. At trial the defendant tried to introduce evidence that the deceased habitually acted in a reckless and negligent manner. The trial judge excluded the evidence of habit. The defendant made no specific offer of proof.[1] The jury determined that the defendant was

---

[1] At trial, the defendant made a general offer of proof. In this court, the defendant has amplified her offer of proof by including in her brief written statements which she claims show that the decedent acted in an "habitually reckless manner." We need not decide whether this specific offer of proof is made too late (see Mass.

55 % negligent, and that the decedent was 45 % negligent. The defendant appealed. The sole issue raised by the defendant's appeal is whether the trial judge erred in excluding the evidence of habit.

The rule in Massachusetts governing the admissibility of evidence of habit is: "For the purpose of proving that one has or has not done a particular act, it is not competent to show that he has or has not been in the habit of doing other similar acts." *Davidson* v. *Massachusetts Cas. Ins. Co.*, 325 Mass. 115, 122 (1949), quoting from *Commonwealth* v. *Nagle*, 157 Mass. 554, 555 (1893). *Brownhill* v. *Kivlin*, 317 Mass. 168, 171 (1944). *Brennan* v. *Bongiorno*, 304 Mass. 476, 477 (1939). *Luiz* v. *Falvey*, 228 Mass. 253, 255 (1917). See P.J. Liacos, Massachusetts Evidence 423 (5th ed. 1981); Note, Evidence of Habit and Custom in Massachusetts Civil Cases, 33 B.U. L. Rev. 205, 206 (1953). The judge correctly applied the law, and excluded the evidence.

On appeal, the defendant urges us to adopt a rule which would not limit the use of habit evidence in negligence trials.[2] See Fed. R. Evid. 406; Note, 33 B.U. L. Rev. *supra*; Annot., 29 A.L.R.3d 791, 794 (1970); Annot., 28 A.L.R.3d 1293, 1294 (1969). The defendant argues that such evidence is highly probative, and should not be excluded unless the judge, in his discretion, finds that its value is outweighed by danger of prejudice and confusion. See McCormick, Evidence § 195 (2d ed. 1972); Proposed Mass. R. Evid. 403.

However, the written statements filed by the defendant (see note 1, *supra*) primarily show the decedent's character, not habit. "Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness." Advisory Committee Notes, Fed. R. Evid. 406, quoting from McCormick, Evidence § 162, at 340 (2d ed. 1972). The written statements refer to the decedent's attire, her nickname, her behavior in general, and specifically to her conduct on the occasion of her husband's death. Such evidence does not reflect habit ("[a] habit . . . is the person's regular practice of meeting a particular kind of situation with a specific type of conduct . . . ," Advisory Committee Notes, Fed. R. Evid. 406), but simply disparages the decedent's character. In addition to character traits, the written statements contain hearsay, such as the witnesses' opinion of the decedent's behavior, as well as other forms of hearsay.

The distinction between habit and character is a difficult one to make (1 J. Wigmore, Evidence § 92, at 520 [3d ed. 1940]; McCormick, Evi-

---

R. Civ. P. 43 [c], 365 Mass. 806 [1974]; Proposed Mass. R. Evid. 103 [a] [2]; P.J. Liacos, Massachusetts Evidence 78 [5th ed. 1981]), because, even assuming the offer of proof was timely made, we conclude that there was no error.

[2] The defendant's suggestion goes far beyond Proposed Mass. R. Evid. 406 which specifically limits the use of habit evidence in negligence cases: "but such evidence [habit] is not admissible for the purpose of proving that a person or organization did or did not conform on a particular occasion to the prescribed standard of care."

dence § 195, at 463-464 [2d ed. 1972]; G. Lilly, An Introduction to the Law of Evidence 122 [1978]; Note, 33 B.U. L. Rev. *supra* at 205-206), and the written statements filed by the defendant clearly demonstrate the difficulty. Only a small portion of the written statements, at best, tend to show habit. Even if we were to accept the defendant's suggestion, in view of the paucity of evidence of habit contained in the written statements, we believe that the value of the defendant's proof would be far outweighed by the danger of prejudice and confusion.

Finally, we believe that any revision of this principle should be accomplished by rulemaking rather than by judicial decision. We affirm the ruling of the trial judge.

*Judgment affirmed.*

*Mark E. Schreiber* for the defendant.
*Charles J. Humphreys* for the plaintiff.