COMMONWEALTH *vs.* LISA VACCA. November 9, 1982. The prosecution and the defense presented two entirely different versions of an early morning disorder near the scene of an automobile accident. The jury accepted the prosecution's version and found the defendant guilty of assault and battery and disorderly conduct. The defendant claimed that she acted in self-defense and that there was error in the exclusion of evidence of a threat of bodily harm made to one of her two companions by a person in the passenger front seat of a car. She asserts that the threat was made immediately prior to her warding off an attack by the driver of the car, the alleged victim.

Where, as here, there was a claim of self-defense and defense of others, see *Commonwealth* v. *Deagle,* 10 Mass. App. Ct. 748, 750-751 (1980), the threat, on the defendant's version, was relevant as evidence of the defendant's apprehension for her own safety or that of her companion and "the reasonableness of that apprehension." *Commonwealth* v. *Rubin,* 318 Mass. 587, 588 (1945). *Commonwealth* v. *Edmonds,* 365 Mass. 496, 499-500 (1974). There was testimony that the car was a few inches away from the defendant, that the car window was rolled down, that the defendant was next to her companion who had "heated words" with the passenger, and that immediately thereafter the driver came out of the car. In these circumstances, the jury could infer that the threat was "made in the presence and hearing of the defendant," and that the driver was acting in concert with the passenger. *Commonwealth* v. *Simpson,* 300 Mass. 45, 50 (1938). *Commonwealth* v. *Monahan,* 349 Mass. 139, 168 (1965). The threat may be admissible even if the defendant did not hear it to show that the person assaulted was attempting to carry out a threat. *Commonwealth* v. *Rubin, supra* at 589; *Commonwealth* v. *Edmonds, supra* at 500.

The excluded evidence was important to the defendant's contention and could have shed some light on "the circumstances preceding the encounter which culminated in the assault." *Commonwealth* v. *Fiore,* 364 Mass. 819, 824 (1974). On this record we think it should have been received, as we cannot "say with confidence that, had the judge admitted the testimony. . ., it would have been without material effect on the jury." *Commonwealth* v. *Caldron,* 383 Mass. 86, 92-93 (1981).

The judge should have permitted the defendant to make an offer of proof. His failure to allow such an offer could have led, without the defendant's fault, to an inadequate record on appeal. In this case the ex-

cluded evidence appears only as an affidavit in the record of the defendant's appeal from the denial of her motion for a new trial.

The judgments are reversed, the verdicts set aside, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

*Michael M. Maxey* for the defendant.

*Carmen W. Picknally, Jr.,* Assistant District Attorney (*Charles J. Hely,* Assistant District Attorney, with him) for the Commonwealth.