Cowin, J.
Massachusetts cases apparently have consistently excluded evidence of a person’s habit or custom to prove that the person acted in that manner on the date in question.[1] Maillet v. ATF-Davidson Co., 407 Mass. 185, 199 (1990), citing Figureido v. Hamill, 385 Mass. 1003 (1982). Pursuant to that rule, the plaintiffs’ evidence of the decedent’s custom in adjusting his car mirrors and in looking in same before changing lanes would be inadmissible to prove that he did so at the time of the accident in issue.
Further, in this case, even if evidence of habit were to be ruled admissible, it is unclear whether the evidence proffered is sufficient to establish a habit. That is, even if there were to be a deviation from the decided case law, the evidence in this case falls short of establishing that the decedent acted in a certain manner (a requirement of establishing usual procedure) . To the extent that the evidence cannot establish that the actor habitually performed in that manner, the evidence in question would not be admissible, even under a relaxation of the rule excluding habit evidence. It is the basis of negligence cases that one often performs differently from the routine; it is that different action which may cause the accident. Thus, the court must be particularly cautious in assuming that habit prevailed on the date of the accident.
While this Court understands and has sympathy for plaintiffs’ position, it does appear that actual habit evidence has traditionally been excluded in Massachusetts in non-business contexts. See, for example, Coneton v. Old Colony Street Railway Co., 212 Mass. 28 (1912). If a change in the law is forthcoming, the source of the change ought not to be a trial court.
It is essential to the plaintiffs’ case that they establish that the decedent looked in the mirror immediately prior to the accident. Absent evidence of that event, which cannot be established other than by evidence of the decedent’s habit, given plaintiffs’ theory of the case, plaintiffs cannot prevail. Thus summary judgment is to enter for the defendants.
ORDER
For the foregoing reasons, the defendants’ motion for summary judgment is ALLOWED.

 The rule appears to be otherwise in a business context. See Palinkas v. Bennett, 416 Mass. 273, 276-78 (1993).